| 20 | 259 |
|---|---|
| 93 | 148 |
| 20 | 259 |
| 98 | 470 |
| 20 | 259 |
| 0120 | 692 |

No 48.—OSBORNE M. STONE, plaintiff in error, *vs*. CHAMBERLIN & BANCROFT, defendants.

[1.] S & J, partners in trade, give the firm note in liquidation of a debt due by the concern. The partnership being dissolved, C & B, a creditor, with a knowledge of the fact, takes the individual note of J, in renewal of the old note, giving time of payment, without the knowledge or consent of S : *Held*, that S is exonerated from all liability, both upon the note, and also upon the original bill of goods.

Assumpsit, in Muscogee. Tried before Judge WORRILL, December adjourned Term, 1856.

Chamberlin & Bancroft brought their action against the firm of Stone & Johnson, to recover a sum of money due upon a promissory note. The declaration also contained a count

for the bill of goods for which the original note (of which the one sued on was in renewal) was given. Johnson, one of the defendants, was not served, and the action proceeded against Stone, as one of the partners; who plead the renewal of the note sued on by his partner, after dissolution, as a discharge of the debt as to him.

Upon the trial, it appeared in evidence that the note sued on was given in renewal of a former one. There was testimony on both sides, in relation to the circumstances under which this renewal was made. The plaintiffs offered testimony to prove the sale and delivery of the bill of goods, and also, to prove that the renewal note was given by Johnson, as one of the partners, who, as such, signed the firm name; also, that Stone, the other partner, afterwards admitted his liability on the note renewed by Johnson. It was in proof, that the agent of the plaintiffs who took the renewal knew at the time of the dissolution.

The defendant made proof to the effect, that the partnership had existed some short time, and had dissolved previous to the time of the renewal; that it was made known about the time the dissolution took place; and also, by common report.

In addition to the above, proven by the answers of William J. Hudson, defendant proposed, also, to read his further answers, as follows:

" Johnson continued in business on his own account, witness thinks, about twelve months after Stone retired; it was a common talk when Stone went out, that at the time of Stone's withdrawal, from the best information, and the say so of Stone & Johnson, said firm was able to pay its debts, and witness believes said firm had effects enough to pay all its debts, if they had been applied. Witness thinks some of the effects of Stone & Johnson were applied by Johnson, to his individual debts; that William Johnson became insolvent about the latter part of the year 1852; it was known by some, at least, particularly by those who had claims against him."

Stone *vs.* Chamberlin & Bancroft.

To the reading of which, plaintiff objected. The Court sustained the objection and defendant excepted.

The evidence being closed, defendant's Counsel requested the Court, in writing, to charge the Jury, that "If they believe, from the testimony, the note sued on was given in renewal of the original note of Stone & Johnson, and after the firm was dissolved; and if plaintiff knew, at that time, of said dissolution; and if it was done by Johnson alone, and without the knowledge and consent of Stone; if the Jury believe these facts, then Stone is discharged from all liability, both upon the note sued on, and also upon the account for the original bill of goods." Which charge the Court refused to give, but did charge, "that if they should believe, from the testimony, that the note sued on was given in renewal of the original note of Stone & Johnson, and after the firm was dissolved, and after plaintiffs knew of the dissolution; and though done by Johnson alone, without the knowledge or consent of Stone; though the Jury should believe all these facts; still, Stone would not be discharged from his liability on the original bill of goods, unless the Jury should believe it had been proven to them, that at the time plaintiffs renewed the note with Johnson, it was expressly stipulated and agreed that the renewal note should be taken as a payment and extinguishment of the original indebtedness.

And further, that if the Jury should believe that when Miller, the Clerk and agent of plaintiffs, renewed the note with Johnson, nothing else took place, than that the note was renewed by Johnson, alone, without the knowledge or consent of Stone; and after the dissolution of the firm; and after it was known to plaintiffs, that the firm was dissolved; that that, alone, would not be sufficient to discharge Stone from his liability for the original bill of goods; but in order to discharge him, it must further appear, from the proofs, that the plaintiffs, at that time, expressly stipulated and agreed to take the renewed note in payment and discharge of the debt; and if this had not been proven, then they must find for the plaintiff in the original bill of goods.

To all which defendant excepted, and assigns error:

1st. That the Court erred in rejecting the evidence of Hudson.

2d. In refusing to charge as requested.

3d. In the charge given.

INGRAM & CRAWFORD, for plaintiff in error.

JOHNSON & SLOAN, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In our judgment, the charge requested of the Court—and which he refused to give—states correctly the law of this case, namely: that if the Jury believed, from the testimony, that the note sued on was given in renewal of the original note of Stone & Johnson, and after the firm was dissolved, plaintiffs knowing the dissolution at the time they took the note, and it was given by Johnson alone, and without the knowledge and consent of Stone, then Stone is discharged from all liability, both upon the note, and also upon the original bill of goods.

While it is true, that the mere giving a note does not discharge the original indebtedness, unless it be accepted in payment at the time, it is, nevertheless, equally true, that if the creditor change the nature or character of the debt, as by taking the note of one of the parties, and giving day of payment, the other is exonerated. He has a right to suppose that he is no longer looked to, as the debtor of the plaintiff.