CHAMBERLAIN & BANCROFT, plaintiffs in error, vs. O. M. Stone, defendant in error.

[1.] The holders of a partnership note given for a bill of goods, renewed it with one of the partners, extending the day of payment, after the dissolution of the partnership, and without the knowledge of the other partner.
*Held*, That this discharged the other partner.

[2.] The holders of a partnership note, after the dissolution of the partnership, renewed the note with one partner, without the consent of the other, extending the day of payment, and thus discharged the other partner. Afterwards, he, with a knowledge of the facts, agreed to pay the note.
*Held*, That he was bound by his promise.

Assumpsit, from Muscogee county. Tried before Judge WORRILL, November Term, 1857.

This was an action brought by the plaintiffs in error, on a note which was given in renewal of a note for $1,423 33, of the 24th of February, 1851.

In February, 1851, the plaintiffs, who were partners, sold goods to the firm of Stone & Johnson, to the value of $1,423 ·33, for which amount they gave the firm note, payable six months after date. Before the note became due the firm of Stone & Johnson was dissolved. When the note was presented for payment, Johnson gave a note signed in the name of the firm, as a renewal of the former note.

Upon this latter note the plaintiffs in error brought an action against Osborne M. Stone, and at the trial proved by Daniel Miler, that the note sued on was written by himself, and signed by Johnson with the name of the firm, and that no one was present at the time but himself and Johnson, and that the original note of the 24th of February, 1851, was given up to Johnson, and that the goods for which it was given had never been paid for. That he had a conversation with Stone about the note sued on, at Columbus, Georgia, in January, 1853, when Stone promised to pay the note, asked indulgence and begged not to be sued upon it; this indulgence witness, as the agent of the plaintiffs, granted, and advised

Stone to get enough of the assets of the firm to secure himself from ultimate loss. Stone said he had the means of paying and would pay the note. That at the time the note sued on was given, the partnership of Stone & Johnson was dissolved, and that he and the plaintiffs knew of that dissolution.

Plaintiffs also proved by Alexander Isaacs, that the note was written by Miler, but signed with the firm name by Johnson; that he was at Columbus in December, 1853, and January, 1854, and at that time had a conversation with Stone in regard to the note, and that he showed the note to Stone and demanded payment of the same; that Stone refused, and said he would not pay the note unless compelled by law; that witness told Stone that he (Stone) had previously promised Miler to pay the note, which promise Stone admitted, but said that after the promise he had consulted some one who informed him that he was not bound to pay the note, because Johnson had signed it with the firm name after the dissolution; that Stone admitted the justice of the debt, and that the firm had received value for which the original note was given.

Defendant proved by William Hudson, the formation of the partnership between himself and Johnson; that he (defendant) had sold out; that Johnson became insolvent and afterwards died. He also proved by the answers of plaintiffs, that they had notice of the dissolution of the partnership at the time the note sued on was given.

Upon the conclusion of the argument, the Court charged the jury as follows:

1st. If you believe from the evidence that the note sued on was given in renewal of the original note of Stone & Johnson after the firm was dissolved, and if you believe plaintiffs at the time knew of said dissolution, and if it was done by Johnson alone, without the knowledge and consent

of Stone, then Stone is discharged from all liability, both upon the note sued and also upon the original bill of goods.

2d. But if from all the facts and circumstances proven on the trial, you believe that Stone knew the fact that the note was renewed at the time it was·done, and gave his assent to it, then, although it was done by Johnson alone, and after the dissolution, Stone was bound by it, and they would find for the plaintiffs the amount of the note with interest and costs of suit.

3d. But if the jury believe from the testimony, that the note sued on was given in renewal by Johnson alone, and without the knowledge and consent of Stone, and after the dissolution, and if plaintiffs knew of the dissolution at that time, then the subsequent promise of Stone to pay would not be binding on him.

The counsel for the plaintiffs then requested the Court in writing, to charge the jury as follows:

1st. If you believe from the evidence that the note sued on was given in renewal of the original note of Stone & Johnson, and after the dissolution of the firm, and after plaintiffs knew of the dissolution, and though done by Johnson alone, without the knowledge or consent of Stone, still Stone would not be discharged from his liability on the original bill of goods, unless the jury should believe it had been proven that at the time plaintiffs renewed the note with Johnson it was expressly stipulated and agreed that the renewal note should be taken as a payment and extinguishment of the original indebtedness.

2d. And further, that if the jury should believe that when Miler, the clerk and agent of the plaintiffs, renewed the note with Johnson, nothing else took place than that the note was renewed by Johnson· alone, without the knowledge or consent of Stone, and after the dissolution of the firm, and after this dissolution was known to plaintiffs, that that alone would not be sufficient to discharge Stone from his liability for the

original bill of goods, but in order to discharge him, it must further appear from the proof, that the plaintiffs at that time, expressly stipulated and agreed to take the renewed note in payment and discharge of the debt, and if this had not been proven, they must find for the plaintiffs on the original bill of goods.

3d. If the jury believe from the evidence that Johnson, without any direct authority from Stone, signed the firm name to the note sued on, after the dissolution of the firm, and after this dissolution was known to plaintiffs, yet, if they believe from the evidence that Stone sanctioned and adopted the act of Johnson, the plaintiffs are entitled to recover.

4th. If the jury believe from the evidence that Johnson, without any authority from Stone, signed the firm name to the note sued on, after the dissolution of the firm, and after this was known to the plaintiffs, yet, if they believe from the evidence that Stone subsequently, with a full knowledge of all the facts, ratified the act of Johnson, the plaintiffs are entitled to recover.

5th. If the jury believe from the evidence that Johnson, without the authority of Stone, signed the firm name to the note sued on, after the dissolution of the firm, and after this fact was known to plaintiffs, yet, if they believe from the evidence that Stone subsequently, with a full knowledge of the facts, promised to pay the note sued on, the plaintiffs are entitled to recover.

The Court refused to give these charges as requested. The jury found for the defendant, and the plaintiffs excepted, assigning as error the charges given by the Court, and the refusal of the Court to give each and every of the said charges as requested.

JOHNSON & SLOAN, for plaintiffs in error.

INGRAM, *contra.*

Chamberlain & Bancroft vs. Stone.

*By the Court.*—BENNING, J. delivering the opinion.

What is contained in the first paragraph of the charge, is right.

[1.] The taking of the new note by the plaintiff was, at least, a *suspension* of their right to demand payment of the *debt*, until the new note fell due; and, therefore, the effect was, to put the debt in such a condition that Stone would no longer have the right, to pay it up immediately, and demand contribution from Johnson, but would have to wait till the note fell due, before he could pay it up, and demand this contribution.   An arrangement or agreement between the plaintiffs and Johnson, having such an effect as this, was sufficient to discharge Stone.   So it was held by this Court, in this case, when the case was up before.   20 *Ga.* 262.

What is thus said of this part of the charge, disposes also, of the first and second requests to charge.

The second paragraph of the charge, is certainly good as far as it goes.

The third paragraph of the charge, seems to us to be erroneous.

[2.] A subsequent ratification, with a knowledge of the facts, will make good the act even of one who is not agent; a subsequent promise, with knowledge of the facts, will revive a debt barred by the statute of limitations, a debt barred by bankrupt laws, a debt from which the endorser has been discharged, by the negligence of the holder.

The decisions that support these positions are now too numerous, and of too long standing, to be resisted, although they are it must be admitted, in the very teeth of the great common law maxim, that a contract without consideration, is not binding.

What is thus said of this part of the charge disposes also, of the third fourth and fifth requests.

There ought to be a new trial.

Judgment reversed.