## DENNIS vs. WILLIAMS.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN FOR PURCHASE-MONEY.]

1. *Extinguishment of debt and vendor's lien.*—If the vendor, by subsequent agreement with the purchaser, surrenders the note given for the purchase-money, and accepts in exchange for it the note of a subpurchaser, his debt on the original purchaser is thereby extinguished, and with it the accompanying vendor's lien.

2. *Tender of deed to purchaser, as necessary to perfect right to foreclose vendor's lien.*—When the purchaser's note contains a stipulation, that it is not to be due and payable until titles to the land have been made to him, a tender of such title, or some valid excuse for the failure to make such tender, is indispensable to the equity of a bill which seeks to enforce the vendor's lien ; and such tender in the bill, unaccompanied by a valid excuse for the failure to make it before filing the bill, is not sufficient.

APPEAL from the Chancery Court of Macon.
Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 31st day of March, 1859, by the heirs-at-law of Samuel P. Dennis, deceased, against Wilson Williams, Thomas J. Osborne, and Tilman V. Osborne; and sought to enforce a vendor's lien for the unpaid purchase-money of land. The land was sold by said Samuel P. Dennis, on the 11th January, 1843, to said Tilman V. and Thomas J. Osborne, at the price of three hundred dollars ; of which amount, one hundred dollars was paid in cash, and for the balance, two promissory notes were given by the said Osbornes, of one hundred dollars each ; and said Dennis executed to them his bond, conditioned to make titles when the purchase-money was paid. On the 11th August, 1849, Thomas J. Osborne, having purchased the interest of Tilman V. Osborne in the land, sold said land, together with another small tract, to Wilson Williams, and executed to him a bond, the condition of which was, " that the said Osborne shall make, or cause to be made, unto the said Wilson Williams, his heirs and assigns, a

good and lawful title" to the said lands. Williams gave
his five promissory notes for the purchase-money, four of
which were payable absolutely on a day certain, and, as the
bond for titles stated, were "to be paid before a title is re-
quired"; but the last, which was for two hundred and twen-
ty-five dollars, and payable "by the 1st day of February,
1854", contained a stipulation in these words: "Provided
that, by that time, the said Thomas J. Osborne make, or
cause to be made, a title to the land specified in the bond
bearing date with this, and not to be due until I obtain a
good title to said land."

Some time in the year 1858, after the death of said Sam-
uel P. Dennis, and after a patent for the land sold by him
to the Osbornes had been issued in his name, his adminis-
trator surrendered to said Thomas J. Osborne the original
notes for the purchase-money, and accepted from him
in exchange the said note on Williams above described.
The following are the allegations of the bill in reference to
this exchange : "Your orators further show, that the said
Tilman V. and Thomas J. Osborne did not pay their said
notes, at maturity or afterwards, except in the manner here-
inafter stated ; * * * * that after the issue of the
patent for the said tract of land, to-wit, some time in the
latter part of the year 1858, the said Thomas J. Osborne
induced your orator Andrew J. Dennis to take, in exchange
for the notes given by them to the said Samuel P. Dennis,
the said note of two hundred and twenty-five dollars, made
by the said Wilson Williams ; and that the said note is
now held by him, as administrator of the estate of Samuel
P. Dennis, deceased, in the lieu and stead of the said notes
given by the said Tilman V. and Thomas J. Osborne; and
[he] insists that the same in his hands remains and consti-
tutes a lien upon the said land for the payment of the pur-
chase-money." The bill offered to return to Thomas J.
Osborne the said note of Williams, and averred a readiness
and willingness to make to Williams a good title to the
land originally sold by Samuel P. Dennis to the Osbornes.

Decrees *pro confesso* were entered against Tilman V. and
Thomas J. Osborne. Williams answered the bill, admit-
ting the material facts as above stated ; but denying the

existence of the alleged lien, averring his readiness and willingness to pay the note when he obtained a title to the land specified in his bond, and demurring to the bill for want of equity. On final hearing, on pleadings and proof, the chancellor dismissed the bill, but without prejudice to the complainant's rights to institute new proceedings, either at law or in equity, on the note against Williams; holding that the vendor's lien for the unpaid purchase-money, as against the Osbornes, was extinguished by the acceptance of the note on Williams, and that the bill was prematurely filed, so far as it sought any relief under the note of Williams. The chancellor's decree is now assigned as error.

GUNN & STRANGE, for appellants.

GRAHAM & ABERCROMBIE, *contra*.

A. J. WALKER, C. J.—The representative of the estate of Samuel P. Dennis, deceased, holding the two notes of Tilman V. Osborne and Thomas J. Osborne, for one hundred dollars each, given for land, exchanged them with Thomas J. Osborne, for a note for two hundred and twenty-five dollars on Wilson Williams, a sub-purchaser of the same land. It is stated in the bill of the complainants, that the transaction was an exchange, and that the representative of Dennis held the note of Williams " in the lieu and stead " of the note on Tilman V. and Thomas J. Osborne, and claimed that it (the note on Williams) "is in his hands a lien on the land." It appears that the note on Williams was not endorsed, to the representative of the estate of Dennis. In a part of the bill antecedent to the allegations in reference to the exchange of the notes it is said, that Tilman V. and Thomas J. Osborne did not pay the note on them, "at maturity or afterwards, except in the manner hereinafter (thereinafter) stated." From this glance at the complainant's bill it is apparent, that the note on Tilman V. and Thomas J. Osborne was transferred or exchanged to one of the makers; that this was deemed a payment of the note, and that a claim of lien was predicated upon the note received on the

exchange without endorsement, which is held "in lieu and stead" of the original note. The representative of Dennis has taken a note upon a stranger to the original debt, without endorsement, and surrendered the note evidencing the original debt; and the transaction is regarded by himself as a payment. There is scarcely any authority to be found, and certainly no principle can be stated, militating against the proposition, that the original debt was extinguished by the transaction above stated.

The proposition is intimated, *arguendo,* by this court, in *Bradford v. Harper,* (25 Ala. 337,) that the taking of a security on a third person, for a pre-existing debt, would be, *prima facie,* an extinguishment of it. The exigency of this case does not require us to go so far; and it is not our purpose to inquire whether, upon a smaller measure of proof falling within the limits of this case, the pre-existing debt would not be considered as discharged. There is, perhaps, no subject upon which there is a greater exuberance and contrariety of decision. Many of the cases may be found collated in the notes to the first section of the 7th chapter of 2 Parsons on Notes and Bills, pp. 150–164; see, also, Story on Prom. Notes, § 404. We refer to the following decisions, as going at least as far as is necessary to sustain our proposition, without adopting them: *Cole v. Sackett,* 1 Hill, (N. Y.) 516; *Waydell v. Luer,* 5 *ib.* 448; *S. C.,* 3 Denis, 41; *Elwood v. Deifendorf,* 5 Barb. 398, 408; *Frisbee v. Larned,* 21 Wend. 450; *Hughes v. Wheeler,* 8 Cow. 77; *Conkling v. King,* 4 Coms. 440; *Stone v. Chamberlin,* 20 Ga. 259; *Hutchings v. Olcutt,* 4 Ver. 549. All the authorities agree, that if the note on a third person was in fact received in discharge of the original indebtedness, in the absence of fraud, the same is extinguished.—Story on Prom. Notes, *supra; Carriere v. Ticknor,* 26 Ala. 571; *Mooring v. Mobile Marine Dock & Mutual Insurance Co.,* 27 Ala. 254; *Brewer v. Branch Bank at Montgomery,* 24 Ala. 439; *Cocke v. Chaney,* 14 Ala. 65.

2. The debt evidenced by the note of Williams, was, by its terms, not due and payable until title was made. A tender of title, or some excuse for its omission, was therefore indispensable to the equity of a bill asserting the ven-

dor's lien for the payment of that note.—*Spoor v. Phillips*, 27 Ala. 193 ; *Freeman v. Jordan*, 17 Ala. 509.

The decree is affirmed.