Thurber v. Corbin.

---

## THURBER vs. CORBIN, impleaded with Jenkins.

The plaintiff, a member of a partnership firm, sold out his interest to J. for $5000, and the new firm, bearing the same name, assumed the company debts. To secure the plaintiff for his liability on account of these debts, J. executed his bond to the plaintiff, with the defendant C. as his surety, by which they bound themselves " to pay so much of the debts of the old firm as the plaintiff was or should in any event become liable to pay."

*Held,* 1. That on the dissolution of the old firm and the formation of the new one, the members of the new firm became the principal debtors, and, as

between the members of the two firms, were primarily liable to pay the debts of the old firm.

2. That a note, on time, given by the new firm, to pay an old debt, and accepted by the creditor, with knowledge of the change of membership, was a satisfaction of such debt.

3. That regarding the note as given in the name of the old firm, by one of the new members, the plaintiff was not liable as one of the makers, unless he assented to it; and if he did assent, it was such a change and postponement of the original debt as to discharge the surety.

4. That the plaintiff, having a valid defense to the note, could not, without notice to the surety, allow it to pass into judgment against himself, and then, by paying it charge the surety.

APPEAL from a judgment entered upon the report of a referee.

The action was brought to recover certain sums due to various persons from the firm of " Thurber, Rice & Co." and which the defendants had assumed to pay and discharge by their bond of indemnity executed to the plaintiff, March 24, 1865, the plaintiff on that day having sold out his interest in said firm to the defendant John T. Jenkins for $5000, subject to the payment of the company's debts; and the defendant Justin Corbin having signed said bond as security, by which the defendants agreed " to pay so much of the debts and liabilities of Thurber, Rice & Co. as the said Ira A. Thurber is or may in any event become liable to pay," * * and " to pay up and discharge all said debts and liabilities as fast as the same shall fall due," with a further agreement to save the plaintiff harmless.

The referee reported, among other things, that the firm of " Thurber, Rice & Co." owed certain debts, and which were assumed by the new firm (of Thurber, Rice & Co.) and so far as the plaintiff was concerned, the defendants were to indemnify and save the plaintiff harmless therefrom;" that he had paid, as a member of the old firm of Thurber, Rice & Co. and is liable to pay, certain debts of the firm, which the defendants had assumed to pay, but

which they had not paid, and which were outstanding at the time of the sale, viz :

A debt to Van Horn paid by the plaintiff October 9, 1866, . . . . . . . . . . . . . . . . $556 88
Interest thereon, $47.63, . . . . . . . . . . 47 63
Ira H. Cobb's debt, . . . . . . . . . . . 400 00
Interest thereon from 20th January, 1865, less
 $159.36, received by the plaintiff out of the
 firm debts. The amount advanced October 6,
 1866, by the plaintiff, $278.75, which, with in-
 terest amounts to . . . . . . . . . . . 302 83
The Hotaling judgment, $566, January 20, 1867,
 which, with interest, including sheriff's fees,
 $11.13, now amounts to . . . . . . . . . 615 64
Pinckney judgment, May 14, 1867, $548.47, which,
 with interest, amounts to . . . . . . . . . 598 11

The whole amount found due the plaintiff is $2121.09, for which judgment was ordered for the plaintiff.

The defendants excepted to the finding of the referee in relation to the Hotaling judgment and the Pinckney judgment, as well as to the general conclusion of the referee finding the whole amount due, as stated in his report.

The facts in relation to the two claims objected to are stated in the opinion of the court.

*William C. Ruger*, for the appellant.

*Richard Raynor*, for the respondent.

*By the Court*, MORGAN, J. The complaint fails to specify any particular demands which the plaintiff paid of the debts of the old firm of Thurber, Rice & Co. It is stated in the complaint that the defendants did not perform their agreement, but neglected to pay the debts of the old firm,

or to save the plaintiff harmless therefrom according to the terms and conditions of their said agreement, in consequence of which the plaintiff " has been compelled to raise and advance money to pay up and discharge many of such debts and liabilites and to continue under and oppressed with the debts and liabilities of said firm to his great damage and injury." The plaintiff thereupon " demands judgment for $3000 and costs," &c.

To this the defendant, among other defenses not necessary to notice, interposed a general denial.

It is in vain, therefore, to look into the pleadings for any information as to the particular debts paid by the plaintiff, or which he was liable to pay at the time of the commencement of this action. On recurring to the testimony of the plaintiff, we have his statement that there were outstanding debts of the old firm at the time of the sale, among which he enumerates the following, viz: " The firm owed Abram Van Horn, of Utica, June 29, 1867, $587.73."

It will be seen that the referee allowed the plaintiff for paying a debt to Van Horn, October 9, 1866, viz. $556.88, principal, and $47.63 interest. How this could be an outstanding debt as early as March 24, 1865, or the same debt as that of June 29, 1867, may admit of some question; but as there is no exception to this item, we ought perhaps to assume that there was some evidence of its existence as early as March 24, 1865, and that the subsequent dates and amounts were only intended to indicate what the debt amounted to at these several times.

The plaintiff also specified the following as an outstanding debt against the old firm, March 24, 1865: " Ira H. Cobb, Jan. 20, 1865, $400 and interest."

There seems to be no valid objection or exception to the allowance of this claim or to the Pinckney judgment, so called. The plaintiff states that the old firm owed a debt to Pinckney, March 4, 1865, amounting to $415. There is nothing stated in the finding to show on what account the

plaintiff was allowed $302.83 for moneys advanced, including the interest. If there is any thing in the evidence which explains it, it has escaped my attention; but as there is no objection made to its allowance by the defendant's attorney, I think we are not called upon to disallow it on appeal.

This reduces the questions to one only, and that is in relation to what is called the "Hotaling claim," which the referee allowed to the plaintiff, denominating it the "Hotaling judgment, $566, Jan. 10, 1867," which with interest, including sheriff's fees, amounted to $615.64, at the date of the referee's report.

The plaintiff states in his testimony, among other outstanding debts, "Garret Hotaling, Jan. 27, 1861, for $569," and he says he "paid that $566 Jan. 10, 1867." In another place he states that Hotaling had the note of the new firm. Next the judgment roll is produced, by which it appears that the Syracuse City Bank recovered a judgment against the members of the old firm, including the plaintiff as well as Garret Hotaling, for $467.93, November 17, 1866, upon a note purporting to have been made by Thurber, Rice & Co. March 11, 1865, payable to the order of G. H. Hotaling at the Salt Springs Bank, sixty days after date, and indorsed by Hotaling. The plaintiff put in an answer in that suit, containing a general denial only, and the action was tried before the court without a jury, the plaintiff failing to appear. An execution was issued, and the plaintiff actually paid it January 16, 1867, although by some arrangement among the parties, the execution was not satisfied. The plaintiff testified that he had no legal defense against the note, and the referee finds that neither of the defendants had notice of the suit.

The defendant, John T. Jenkins, testified that the note prosecuted by the Syracuse City Bank was given to Garret Hotaling *after March* 25, 1865, and that he made and signed the note, and when he signed it, he notified Hotaling that

the new firm had been formed and that the plaintiff was out of it; that his indebtedness against the old firm was an open account. To add confusion to the case, he then states that three notes were given at the same time, on the first of April 1865, dated at different days, so as to make their payment easier. The only solution to this statement is, that the note sued by the Syracuse City Bank was one of them, the others having been paid by the new firm. But the referee has a finding in which he states that on the *first day of April*, 1865, *the Hotaling debt* " *was put into three several notes signed by the new firm of Thurber, Rice & Co.* of which Jenkins was a member, by· John T. Jenkins, one of their members, (who had no authority .to sign for the old firm,) and his account was thereupon receipted; that said Hotaling knew of the change in said firm, and that *said note* was transferred to the City Bank, which sued Ira A. Thurber thereupon, and obtained judgment against him by default."

This is not strictly correct, as it appeared in the judgment roll produced on the trial, that Ira A. Thurber put in a defense under which he might have successfully defended the note, if it was executed in the name of the old firm, without his knowledge or consent, or if it was executed as the proper note of the new firm.

It is impossible to be satisfied with the conclusion of the referee, that this note was intended to be the note of the new firm instead of the old one, for it is *dated back to the time of the existence of the old firm*, which is hardly reconcilable with the conclusion that it was intended to be the note of the new firm. But ·in neither aspect of the case would the surety of John T. Jenkins be liable to the plaintiff upon he note in question. It is not enough to be able to show that Jenkins has made himself tiable upon the note by assuming to execute it on behalf of the new firm.

The surety is only bound to pay it while it remains the proper debt of the old firm. If it was accepted by Hotal-

ing as the note of the new firm it discharged the debt, as against the old firm, and Ira A. Thurber had a perfect defense to it. If it was executed by Jenkins as the note of the old firm, Thurber was not liable to pay it, unless he assented to it. There is no evidence that he ever assented to it; but if he did assent to it, it was such a change and postponement of the original debt as to discharge the surety. Thurber had no right to give a new obligation extending the time of payment of the old firm debts, although done with the consent of the creditor. Such an act would doubtless discharge the surety, unless he also consented to it. Doubtless the bond obliged Corbin to pay the original debt as to Ira A. Thurber, but we do not know what that was. On the dissolution of the firm, and the formation of the new one, the members of the firm became the principal debtors and were previously liable, as between themselves, to pay the Hotaling debt. They either satisfied it by giving their own note, or they undertook to secure it by giving a note, on time, in the name of the old firm.

If the plaintiff assented to this arrangement, in either form, and Corbin did not know of it, or assent to it on his part, then I am of opinion that. he thereby discharged Corbin from his obligation to pay it. If the plaintiff did not know of it, or assent to it in either form, then he should have interposed his defense, or at least have notified Corbin that he had a good and sufficient defense to the note so that Corbin might have had the benefit of it in that suit.

There is only one aspect of the case in which the defendant Corbin could be made liable for the demand secured by the new note in question, and that was for Hotaling to surrender the same upon grounds which would have authorized him to recover upon the original indebtedness.

The defendant Corbin never undertook to pay any thing else. As it is now too late to repudiate the new note and

recover upon the original claim, I think the defendant Corbin is discharged from its payment.

It is to be regretted that there should be so much confusion and uncertainty in cases which come before us for review. There is no statement in the pleadings which would enable the court to see what demands the plaintiff expects to recover; and the findings of the referee which are generally drawn up by the successful party, fail to point out the grounds upon which the Hotaling debt, so called, was allowed.

I have examined the evidence and findings with as much care as I could, and have stated the results, I believe, with entire fidelity to the facts as they appear in the case. The result is, that the judgment is erroneous in the particulars above mentioned, and should be reduced accordingly; or if the plaintiff will not consent to modify it, then a new trial should be granted, with costs to abide the event.

In case of a modification by deducting the amount of the Hotaling debt, so called, the judgment as thus modified should be affirmed, without costs of appeal to either party.

Ordered accordingly.

[ONONDAGA GENERAL TERM, April 7, 1868. *Foster, Mullin* and *Morgan,* Justices.]