## ROPER *vs.* DAY.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN.]

1. *Vendor's lien; what constitutes.*—Where land is appropriated to the payment of a debt, by authority given to the creditor to sell it for that purpose, the note of the vendee payable to such creditor, in pursuance of the agreement, carries with it the vendor's lien.

2. *Same.*—If a vendee who has not paid the purchase-money, sell the land, requiring his purchaser to satisfy such outstanding liability, and it is done by the substitution of the purchaser's note, the vendor's lien accompanies the note as a transfer of the right to receive the purchase-money, to the exclusion of a balance due to such vendee; especially when the original creditor only consents to the arrangement on that condition.

3. *Same; who entitled to enforce vendor's lien.*—If one, to whom the original creditor has assigned the note of the last purchaser, buys the land from him in consideration of it, the vendor of the purchaser may, by paying the note, have a decree for the sale of the land in satisfaction of a balance due him.

APPEAL from the Chancery Court of Shelby.
Heard before Hon. B. B. McCRAW.

The facts are sufficiently stated in the opinion.

MORGAN, LAPSLEY & NELSON, for appellant.
COBB & LEWIS, *contra.*

B. F. SAFFOLD, J.—The appellee obtained a decree enforcing the vendor's lien on land in the possession of the appellant.

The case was this: The complainant sold the land to Edwards. But he had purchased it by contract with Joseph Roper, receiving a deed from O'Hara, and a quit-claim conveyance from Roper. He did not pay any money on this purchase, but gave to Roper his own notes for a part, and two notes on Crone payable to himself. When he sold to Edwards, he required him to procure and return to him by any arrangement he might be able to make, the notes

which he had given to Roper, and to make a note payable to him for the balance of the price. Edwards complied with this agreement, by giving his own note to Roper in lieu of Day's and Crone's notes, which he received from Roper, and handed to Day, without telling him at the time how he had obtained them. He then executed his note to Day for the balance of the purchase-money. This note is the one for which the lien is claimed in the bill. Edwards' note to Roper is expressed to be in consideration of the land in controversy. The defendant, Roper, says that this note of Edwards was given to him by Joseph Roper, his grand-father, and he bought the land from Edwards with it. He claims that it sustained a vendor's lien superior to that set up by the complainant.

The vendor's lien is a creature of the court of equity. It does not exist by contract, and it imposes no personal obligation. It follows the purchase-money and attaches to the land. No higher or better derivation need be searched for than the dictate of justice, that land shall not pass from its owner to another without a consideration paid. Indestructible and immovable, it shall abide with him who has the best right to it, *in foro conscientiæ*.

The lien exists wherever a sale of land takes place without payment of the purchase-money; and the burden of proof is on the purchaser to establish that, in the particular case, it has been intentionally displaced or waived by the parties. If, under all the circumstances, it remains in doubt, then the lien attaches.—2 Story's Eq. Jur. § 1224.

When Day bought the land, this lien attached to it in favor of somebody. If that person was O'Hara, Day believed that he had appropriated the land to the payment of his debt to Roper. Under this conviction, he paid Roper for it in notes, and obtained the title he expected, and about which he has not since been troubled. If Roper had, as surety for him, satisfied O'Hara's claim, even with his own against O'Hara, he would have been entitled to be subrogated to his rights.—1 Lead. Ca. in Eq. (H. & W.'s notes) p. 143. If he had purchased from O'Hara, and immedi-

ately sold again to Day, giving to him O'Hara's deed, the relation of vendor and vendee would have existed, and with it the lien. Crone's notes were not such security as avoided the lien in the face of the manifest intention of the parties that it should exist, as shown by Day's testimony.—2 Story's Eq. Jur. § 1226. The plain deduction from these admitted propositions is, that Roper acquired a lien as against Day on this land.

When Day sold to Edwards, he expressly required that his personal obligations to Roper, including Crone's notes, should be returned to him. It was an appropriation of the purchase-money to the payment of these debts. He said he could not make a title until Roper was satisfied, who was not willing to give them up lest he might lose his lien on the land. This requisition was tantamount in equity to an assignment of so much of the purchase-money to Roper, giving it a preference of lien over what he retained. *Grigsby v. Hair*, 25 Ala. 327; *Cullum v. Erwin*, 4 Ala. 452. It must be observed, that Day imposed no restriction on the manner of Edwards' obtaining his notes from Roper, and stipulated for no security for what was to be paid to himself. He relies on the vendor's lien, which is the exclusion of any other.

If Day had taken notes from Edwards and transferred them to Roper, there could have been no doubt of the priority of Roper's right. On what principle, applicable to this subject, can such a case be distinguished from that of Roper's accepting Edwards' note payable to himself in exchange for Day's notes? The cases cited by the appellee, *Dennis v. Williams*, (40 Ala. 633,) and *Bradford v. Harper*, (25 Ala. 337,) are not authorities in opposition to the similarity. The former is based on the idea that the second note was taken in lieu of the first, which was intended to be *paid*. While the first is held to have been extinguished, it is plainly intimated that the second is a lien on the land against the sub-purchaser. The latter simply declares the well-known principle, that the transfer of the note carries also the lien. But in this case Roper

expressly reserved his lien in the note taken from Edwards, thereby declaring that he did not take it in payment, but rather in renewal of the others. What equity can intervene in favor of Day when he has not paid any thing for the land?

The defendant holding the note as a prior lien, bought the land from Edwards with it. He is sub-purchaser from Day, with a full knowledge on the part of both of all the equities of each. If Day is willing to refund him his purchase-money, with interest, the powers of the equity court are extensive enough to decree a sale of the land for his benefit.

The decree is reversed, and the cause remanded.