THE FIRST NATIONAL BANK OF MACON *vs.* ELLS.

After the dissolution of a partnership, one partner has no power to bind the firm by a new contract, nor to renew or continue an existing liability, nor to change its dignity or nature.

(*a.*) A general power in one partner to settle up the partnership business will not be construed to include the indorsement of a new draft and its substitution for an old one previously indorsed by the firm. Such a power should be specially conferred.

(*b.*) A creditor of a partnership, having full notice of the dissolution of the firm and that one of the partners was to settle the firm

business, and having allowed such partner to make a payment on a draft indorsed by the firm and to substitute a new draft in its place without the knowledge of the other partner, could not recover against the latter.

Partnership. Contracts. Debtor and Creditor. Before Judge STEWART. Bibb Superior Court. April Term, 1881.

Reported in the decision.

HILL & HARRIS, for plaintiff in error.

WHITTLE & WHITTLE, for defendant.

CRAWFORD, Justice.

Ells & Laney, a firm doing business in the city of Macon, dissolved, and by agreement Laney was to settle up the business. The First National Bank held a draft drawn by Wm. A. Cherry on Ells & Laney, and by them accepted. After the disposition, of which the bank had notice, it allowed Laney to renew the draft, he having made a payment thereon. The renewal was made by Cherry, the drawer, and by Laney, he signing "Ells & Laney, in liquidation," and of which Ells had no notice. Upon a failure to pay the last draft, the bank sued Ells & Laney on the draft, and on open account for money furnished the firm, which was really the money originally due on the draft.

The judge to whom this case was submitted, rendered a decision in favor of Ells and against the bank.

A motion was made for a new trial on the statutory grounds, which was refused, and the bank excepted.

We think that there can be no doubt but that the judge decided the law of the case as settled in this state. Our Code, §1917, declares that, "after dissolution a partner has no power to bind the firm by a new contract * * nor to renew or continue an existing liability, nor change its dignity, or its nature."

It is maintained, however, that the power to settle up the business of the firm gave Laney the power to renew the firm debt.    We think that where the statute destinctly declares that no such right can be exercised by a partner after the dissolution of the partnership, there must be some specific authority to change the rule of law. None existing in this case, the ruling was right and must be sustained.

Judgment affirmed.