LOUDERBACK, GILBERT & COMPANY *vs.* LILLY & WOOD

Where a firm contracted a debt, and subsequently dissolved, and thereafter, with notice of the dissolution, the creditors accepted the individual drafts of one of the partners for the debt, and extended the time of payment, without the knowledge or consent of the retiring partner, the latter was thereby released from such debt.

October 13, 1885.

Partnership. Debtor and Creditor. Before Judge PRIOR. City Court of Hall County. October Term, 1884.

Reported in the decision.

F. M. JOHNSON, for plaintiffs in error.

W. S. PICKRELL; M. L. SMITH; DUNLAP & THOMPSON, for defendants.

HALL, Justice.

This was a suit upon an indebtedness to plaintiffs, contracted by the defendants as merchants and partners, in the course of their joint business. After the dissolution

of the firm, of which plaintiffs had notice, they accepted the individual drafts of Lilly, and extended the time of payment, without the knowledge or consent of Wood, the retiring partner. Wood insisted that this arrangement released him from the debt sued on, and the court below held the defence good. There was no dispute as to these facts, and that this ruling was correct, there can be no doubt. *Stone vs. Chamberlin & Bancroft,* 20 *Ga.,* 259; s. c., 24 *Id.,* 310. After dissolution, a partner has no power to bind the firm by a new contract, nor to revive one for any cause extant, nor to renew or continue an existing liability, nor change its dignity or its nature. Code, §1917, and citations; also *Ib.,* §1896. Again, " after the dissolution of a partnership, a new promise by one partner revives or extends the partnership debt only as to himself, and not as to his co-partners." *Ib.,* §2937. As this point is decisive of the case, it is needless to consider other questions brought up in the record.

Judgment affirmed.