## PRESTON *v.* GARRARD.

1. Where a partnership is dissolved by the retirement of one of the partners, and the continuing partner agrees to assume the debts of the firm, the retiring partner becomes a surety for his copartner.

2. A creditor of the partnership, who has notice of the dissolution and of the agreement by the continuing partner to assume the debts, is bound thereafter to accord to the retiring partner all the rights of a surety. Hence if, without his knowledge or consent, the creditor, upon a sufficient consideration, extends the time of payment of the firm indebtedness, the retiring partner is released from the indebtedness, and the creditor must thereafter look only to the firm assets and to the individual assets of the continuing partner.

Submitted June 13, — Decided July 14, 1904.

Complaint.    Before Judge Lewis.    Putnam superior court. September term, 1903.

Mrs. Garrard sued Preston and Brown, as partners, on a promissory note, dated February 24, 1899, and due one year after date. Preston filed a plea, setting forth that the firm was dissolved on December 27, 1900; that all debts of the firm were assumed by Brown; that the dissolution was known to the plaintiff's agent who acted for her in making the loan for which the note was given; that the fact that Brown had assumed the debts of the firm was also known to this agent, who recognized Brown as the principal debtor by treating with him as such thereafter; that on June 18, 1902, the plaintiff, through her agent, agreed with Brown, upon a sufficient consideration, that she would extend the time of payment of the note sued on to February 24, 1903; and that this extension was granted without the knowledge or consent of the defendant.    The plea alleges, that by reason of these facts the defendant became, after the dissolution of the firm, merely a surety for Brown upon the debts of the firm which he had assumed to pay; and that the extension of the time of payment of the note sued on, without the defendant's knowledge or consent, released him from all liability on the debt.    The court struck this plea on oral motion, and Preston excepted.

*Turner & Adams*, for plaintiff in error.

Cobb, J. It is well settled that where a partnership is dissolved by the retirement of one of the members, and the continuing partner assumes the payment of the debts of the firm, the retiring partner, as between himself and his copartner, is no longer a principal debtor, but merely a surety for the latter upon the debts of the firm.    See 22 Am. & Eng. Enc. L. (2d ed.) 185; Shumaker on Part. 342; 1 Bates on Part. § 532..    Some disagreement among the courts has arisen in fixing the rights of creditors after dissolution by the retirement of one member and the assumption of the debts by the other.    Of course, if a creditor is a party to the agreement made between the partners, he will be bound by it, and must deal with the retiring partner as a surety.    All are agreed as to this.    The difficulty has arisen in determining whether mere knowledge by the creditor of the dissolution and of the agreement of the partners would require him to deal there-

after with the retiring partner as a surety, with reference to past transactions of the firm.　In the case of Oakeley v. Pasheller, 4 Cl. & F. 207, decided in 1836, the House of Lords was supposed to have held that mere knowledge of these things by the creditor would require him to treat the retiring partner as a surety, and that if he extended the time of payment of his debt, without the retiring partner's knowledge or consent, he would be released. But in the case of Swire v. Redman, L. R. 1 Q. B. 536, Cockburn, C. J., shows very clearly that the House of Lords did not in Oakeley v. Pasheller intend to rule as was supposed, but intended merely to hold that the retiring partner would be released only in the event the creditor consented to the arrangement between the partners.　Some American courts have followed what was supposd to be the ruling in Oakeley v. Pasheller, and others have adopted the decision in Swire v. Redman, which was to the effect that something more than mere knowledge on the part of the creditor is required, — that he must expressly consent to the arrangement between the partners before he will be bound by it, and that in the absence of such consent he can deal with the retiring partner as a principal debtor and as an active partner so far as past transactions are concerned.　Cases like Swire v. Redman proceed on the theory that when a creditor's rights once become fixed by contract, no agreement on the part of the other parties to the contract can affect those rights or change their relation to the creditor so far as he is concerned; that it is wholly immaterial that the creditor was informed of such an agreement; that the partnership still continues relatively to his debt; and that any arrangement which he makes with the continuing partner in behalf of the partnership will be binding on the other.

In the other line of decisions it is held that whenever the relationship of principal and surety arises between partners after dissolution and the assumption by one partner of the debts of the firm, every one having notice of the dissolution and the agreement between them is bound to take notice of the relationship which the law creates, and to act accordingly; that while a creditor holding an obligation of the firm may regard the retiring partner as an active partner, so far as his debt is concerned, as long as he does nothing to affect the status of his claim, the moment he, with knowledge of the dissolution and the agreement, does anything which would

release an ordinary surety, the retiring partner will be entirely released from his obligation ; that this is no hardship on the creditor, because he can protect himself by granting no indulgence to the continuing partner, who has become alone the principal debtor, or doing nothing without the retiring partner's consent which would affect the status of the claim to the prejudice of the surety partner. The following are some of the decisions dealing with the subject: Rawson *v.* Taylor, 30 Ohio St. 389 ; Gates *v.* Hughes, 44 Wis. 332; Mildred *v.* Thorn, 56 N. Y. 402 ; Ridgley *v.* Robertson, 67 Mo. App. 45 ; Barber *v.* Gilson, 18 Nev. 89 ; Maier *v.* Canavan, 8 Daly, 272 ; Johnson *v.* Young, 20 W. Va. 614; Williams *v.* Boyd, 75 Ind. 286; Leithauser *v.* Baumeister, 47 Minn. 151; Whittier *v.* Gould, 8 Watts, 485 ; Wilds *v.* Jenkins, 4 Paige, 481; Thurber *v.* Corbin, 51 Barb. 215 ; Smith *v.* Shelden, 35 Mich. 42 ; National Cash Register Co. *v.* Brown, 19 Mont. 200, s. c. 61 Am. St. Rep. 498. Strong arguments can be made in support of either view of this question, and we would experience some difficulty in determining on principle what the rule ought to be. Previous decisions of this court have, however, settled that the rule to be followed in this State is the one supposed to have been announced in Oakeley *v.* Pasheller. The earliest case on the subject is that of *Stone* v. *Chamberlain,* 20 *Ga.* 259. It was there held that where a creditor of a partnership, with knowledge that it had been dissolved by the retirement of one of the members, took a note in renewal of another given by the firm before the dissolution, and extended the time of payment of the original indebtedness, without the knowledge or consent of the retiring partner, he would be discharged. There was nothing to show that the renewal note was expressly taken in settlement of the old indebtedness. See, in this connection, *Phillips* v. *Nash,* 47 *Ga.* 229 (6) ; *Venable* v. *Stevens,* 94 *Ga.* 281; *First National Bank* v. *Cody,* 93 *Ga.* 148. The only effect of the new note, therefore, so far as the retiring partner was concerned, was to extend the time of payment of the old indebtedness; and this extension operated as a release of the retiring partner. While the word surety is not used in the opinion, the decision was evidently based on the theory that the retiring partner was a surety, and, as such, released by the extension. This came out more clearly when the case was again before this court (24 *Ga.* 310). There Judge Benning said : " The tak-

ing of the new note by the plaintiff was, at least, a suspension of their right to demand payment of the debt, until the new note fell due; and therefore the effect was to put the debt in such a condition that Stone would not longer have the right to pay it up immediately, and demand contribution from Johnson, but would have to wait till the note fell due, before he could pay it up and demand contribution." To the same effect see *Louderback* v. *Lilly*, 75 *Ga.* 855; *Silas* v. *Adams*, 92 *Ga.* 350 (2). See also *First National Bank* v. *Cody*, 93 *Ga.* 128 (6), 148. The code provides that after dissolution a partner has no power to renew or continue an existing liability of the partnership. Civil Code, § 2659. It was accordingly held in *First National Bank* v. *Ells*, 68 *Ga.* 192, that where a creditor, with knowledge of the dissolution, allowed one of the partners to make a payment on a draft which had been accepted by the firm, and substitute a new draft in its place without the knowledge of the other partner, the latter was released. See also *Hughes* v. *Treadaway*, 116 *Ga.* 669. Under these decisions, mere notice of the dissolution and of the agreement between the partners that the continuing partner was to assume the payment of the firm debts prevented the plaintiff in this case from extending the time of payment of the original indebtedness, without the knowledge or consent of the defendant Preston. Notice to the creditor must, however, be actual. See *Richards* v. *Butler*, 65 *Ga.* 593. The extension of the time of payment, under the circumstances alleged in the plea, had the effect of releasing the defendant; and the court erred in striking the plea. *Judgment reversed. All the Justices concur.*