## 17212. JENNINGS v. CITIZENS NATIONAL BANK.

LUKE, J. 1. Where a creditor has been dealing with a partnership and the partnership is dissolved by the retiring of one of the partners, with notice of the dissolution, the continuing partner agreeing to assume the debts of the firm, the retiring partner becomes a surety for his copartner.

(a) If the creditor, without the knowledge and consent of the retiring partner, upon a sufficient consideration, extends the time of payment of the firm's indebtedness, the retiring partner is released from the indebtedness and the creditor can not hold the retiring partner and his individual assets liable for the payment of the debt. See *Preston* v. *Garrard*, 120 *Ga.* 689 (48 S. E. 118, 102 Am. St. R. 124, 1 Ann. Cas. 724).

(b) Where a creditor of a dissolved firm takes a bill of sale from the continuing partner to the assets of the firm to secure an indorsement on a promissory note which the firm was liable for at the time of dissolution, there is no such extension of the time of payment of the firm's indebtedness as will release the retiring partner. His risk is not increased, and the taking of such additional security will not be considered a novation of the original contract of endorsement upon the promissory note so secured.

2. The case here for review was in this court heretofore and is reported in 33 *Ga. App.* 659 (127 S. E. 657). We find no errors committed upon the trial of the case and the evidence amply authorized the judgment complained of. Therefore the court did not err in overruling the motion for a new trial.

      *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

      DECIDED MAY 12, 1926.

Complaint; from Wilkes superior court—Judge Perryman. February 2, 1926.

*A. W. White, Clement E. Sutton,* for plaintiff in error.

*F. H. Colley, M. L. Felts,* contra.