103 So.2d 313

### Edward W. ENSLEN

v.

### John L. LAW.

### 5 Div. 675.

Supreme Court of Alabama.

May 29, 1958.

Thos. F. Parker and J. O. Sentell, Jr., Montgomery, for appellant.

R. T. Milner, Robt. S. Milner and Holley, Milner & Holley, Wetumpka, for appellee.

LAWSON, Justice.

Suit by John L. Law against Edward Enslen instituted in the circuit court of Elmore County. The suit was for the damages sustained by plaintiff's automobile as a result of a collision with the defendant's automobile.

There was a jury verdict for the defendant, Enslen. Judgment was entered in accord with the verdict. The plaintiff, Law, then duly filed his motion to set aside the verdict and judgment and to grant him a new trial. This motion contained sixty-four grounds, several of which sufficiently took the point that the verdict of the jury was "not sustained by the great preponderance of the evidence." § 276, Title 7, Code 1940; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. The trial court set aside the judgment and granted a new trial, without specifying the ground or grounds of the motion which it thought well taken. From this action of the trial court Enslen, the defendant below, has appealed to this court.

We have said in many cases that where the trial court grants a motion for new trial without indicating the ground or grounds of the motion which it thought justified the ruling, this court will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence. Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816, and cases cited; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278; Gordon v. Gleason, 262 Ala. 421, 79 So.2d 54.

**424**

In Commercial Standard Insurance Co. v. Berger Investment Co., 264 Ala. 208, 209, 86 So.2d 282, 283, we said in part:

"It is a firmly established rule of law in this State that where one of the grounds of a motion for a new trial is that the verdict is contrary to the evidence, the action of the trial court in granting the motion, without specifying the ground upon which it was granted, will not be disturbed on appeal unless the evidence plainly and palpably supports the verdict set aside. * * *"

■ There was a conflict in evidence in this case, and different inferences could be drawn therefrom. But the trial court had the advantage of "seeing and hearing the witnesses," and its final conclusion, as expressed in the order granting the new trial, should not, under our rule of long standing, be disturbed unless we are convinced that the evidence plainly and palpably supports the verdict. See Hall v. Clark, 225 Ala. 87, 142 So. 65.

After a careful examination of the evidence, we find ourselves unwilling to say that the evidence plainly and palpably supports the verdict set aside. It follows that we cannot say that the trial court committed error in granting the motion for a new trial. We have not set out the evidence for fear its consideration on another trial may be prejudiced, however careful the language of discussion. We have preferred to leave the matter with the statement that we find no error in the ruling under review. Parker v. Hayes Lumber Co., supra.

The granting of the motion for a new trial being the only question before us, the judgment of the court below will be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, STAKELY, MERRILL and COLEMAN, JJ., concur.