105 So.2d 680

Hoyt O. PLEDGER

v.

Joel Franklin HANDY.

7 Div. 360.

Supreme Court of Alabama.

Oct. 9, 1958.

Lusk, Swann & Burns, Gadsden, for appellant.

Copeland & Copeland, Gadsden, for appellee.

### GOODWYN, Justice.

This is an action to recover damages for the death of plaintiff's minor son allegedly resulting from the willful or wanton conduct of the defendant, who was the driver of the automobile in which the son was a guest when killed. The jury returned a verdict in favor of the defendant and the trial court rendered judgment in accordance therewith. Plaintiff then duly filed a motion to set aside the verdict and judgment and grant him a new trial. From the judgment granting said motion, the defendant brings this appeal.

In granting the motion the trial court did not specify the ground or grounds which it considered to be well taken. Among the eighteen grounds are several which sufficiently take the point that the verdict of the jury was not sustained by the great preponderance of the evidence. In this situation we have held that, on review here of the trial court's action in granting the motion, we "will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence." Romano v. Thrower, 258 Ala. 416, 63 So.2d 369, 370, and cases there cited.

The rule of review is thus stated in Birmingham Electric Co. v. Greene, 252 Ala. 40, 41, 39 So.2d 398, 399, viz.:

"The principle appears to be established that where a trial court has granted a motion for a new trial and one of the grounds is that the verdict of the jury is against the weight of the evidence the appellate court will presume the ruling to be correct, unless the weight of the evidence palpably and plainly supports the verdict. Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852."

We have given careful and studied consideration to the evidence. Although there is evidence from which the jury could have found for either the defendant or the plaintiff, we do not see how we can say that the weight of the evidence palpably and plainly supports the verdict for the defendant. It follows, therefore, that the judgment of the lower court granting plaintiff's motion for a new trial must be affirmed.

We have refrained from setting out or discussing the evidence in this opinion to avoid the possibility of influencing the issues of fact in another trial. Frost v. Johnson, 256 Ala. 383, 386–387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 106, 170 So. 211.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.