120 So.2d 729

Grace ROWELL et al.

v.

Mary Lizzie McCOLLOUGH et al.

4 Div. 14.

Supreme Court of Alabama.

May 19, 1960.

S. Fleetwood Carnley and Fleming & Stephens, Elba, for appellants.

B. B. Rowe, Enterprise, and Robt. B. Albritton, Andalusia, for appellee.

COLEMAN, Justice.

This is an appeal from a decree setting aside the verdict of the jury and granting a new trial in a will contest brought in equity under Title 61, § 54 et seq., Code 1940.

The will of M. F. McCollough, deceased, was admitted to probate in the Probate Court of Coffee County. Within six months thereafter appellants filed their bill in equity and demanded trial by jury. The verdict was in favor of contestants and against the will.

Grounds of contest were mental incapacity, undue influence, and improper execution of the will. The affirmative charge with hypothesis eliminated the grounds of undue influence and improper execution, and the sole ground submitted to the jury was mental incapacity of decedent.

After verdict but before decree was rendered, the appellee, widow of decedent and proponent of the will, filed the motion for new trial. The decree of the court granting the motion recites in pertinent part:

" * * * It is the opinion of this Court that the verdict is not sustained by a great preponderance of the evidence, but that it is against the great preponderance of the evidence."

The sole error assigned is the action of the court in granting a new trial.

We are cited to the following statement:

"Nor is the verdict to be set aside merely because it does not correspond with the opinion of the court or is against the *great* preponderance of the evidence. Bates et al. v. Chilton County, 244 Ala. 297, 18 (sic: 13) So.2d 186." (Emphasis supplied.) Mobile City Lines v. Alexander, 249 Ala. 107, 112, 30 So.2d 4, 7.

In Bates v. Chilton County, the words are:

"Verdicts are not to be set aside merely because they do not correspond with the opinion of the court or are against the *mere* preponderance of the evidence." (Emphasis supplied.) Bates v. Chilton County, 244 Ala. 297, 299, 13 So.2d 186, 188.

By citing Bates v. Chilton County, the opinion in Mobile City Lines v. Alexander clearly shows that the use of the word "great" in the latter case was not intended, that use of the word "mere" was intended, and the correct expression is "mere preponderance of the evidence."

The rule of review has been stated as follows:

Where a will is not contested in the probate court,

" * * * it may be contested in equity by an original bill (Title 61, section 64, Code), where a jury trial may be had on the direction of the court (Title 61, section 67). And under this section when a jury is demanded the duty upon the court to submit the issues to a jury is mandatory. Ex parte Colvert, 188 Ala. 650, 65 So. 964. And whether the issue is directed by the court on its own initiative for jury trial or on demand of one of the parties, the equity court acts on a motion for a new trial as in jury trials at law, and on appeal is not controlled by Rule 62, supra, but the ordinary principles pertaining to jury trials at law seem

578

to obtain. Cook v. Morton, 241 Ala. 188, 1 So.2d 890; Lambert v. Foley, 237 Ala. 131, 186 So. 138; Karter v. East, 220 Ala. 511, 125 So. 655; Ex parte Colvert, supra. * * *." Curry v. Holmes, 249 Ala. 545, 548, 32 So.2d 39, 42.

In reviewing jury trials at law this court has said:

"In the early case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, repeatedly cited and followed, the rule was laid down that upon motion for new trial, based upon the fact that the verdict or judgment was contrary to the evidence, a presumption will be indulged in favor of the action of the trial court when there is a conflict in the evidence. That is, on appeal in such cases, this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' * * *." Reed v. Thompson, 225 Ala. 381, 382, 143 So. 559. Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671.

A detailed discussion of the evidence would serve no useful purpose. § 66, Title 13, Code 1940. Moreover, the case may be tried again. A conflict clearly appears in the evidence submitted to the jury. Three lay witnesses testified that decedent was of unsound mind. Thirteen witnesses, including three practicing physicians, testified that decedent was of sound mind.

■ After careful consideration of all the evidence, we cannot say that it so plainly and palpably supported the verdict as to put the trial court in error for granting a new trial on the ground that the verdict is contrary to the great preponderance of the evidence. Under the rule of review noted above the decree appealed from is due to be and is affirmed.

Affirmed.

SIMPSON, STAKELY, and GOOD-WYN, JJ., concur.