120 So.2d 731

George R. HARRIS, Jr., et al. d/b/a Smith, Dukes and Buckalew,

v.

Ben F. SCHMAELING, Executor.

1 Div. 862.

Supreme Court of Alabama.

May 19, 1960.

W. B. Hand, Alex T. Howard, Jr., Hand, Arendall, Bedsole, Greaves & Johnston and McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellants.

Cunningham & Bounds, Mobile, for appellee.

SIMPSON, Justice.

This is a tort action under the Homicide Act by Ben F. Schmaeling, as executor of the estate of his father, John J. Schmaeling, deceased, against the appellant partnership and one George R. Harris, Jr. Harris was charged in the complaint, as the agent or servant of the appellant partnership, of so negligently operating the automobile of the partnership on the streets of Mobile, Alabama, as to proximately cause the death of John J. Schmaeling.

The case was tried in the Circuit Court of Mobile County and the jury returned a verdict in favor of the defendants. The plaintiff filed a motion to set aside the verdict and grant a new trial, which motion was sustained by the court. This appeal is from the judgment granting the new trial.

The order granting the new trial was not rested on any specific ground. So the judgment granting the new trial must be sustained on appeal if any good ground is presented. Mullinax, et al. v. Hufham, 269 Ala. 435, 113 So.2d 671; Ala.Dig., Appeal & Error, ☞854(6).

We do not consider all the grounds of the motion for a new trial, since the conclusion is inescapable that the trial court gave certain written requested charges for the defendant which stated erroneous principles of law to the prejudice of the plaintiff. We will mention two of such charges: The court erroneously gave defendant's written Charge No. 17 which reads as follows:

> "The court charges the jury that contributory negligence, if proved, is a complete and absolute defense to the plaintiff's right of recovery in this cause."

This statement of the law was manifestly erroneous in failing to hypothesize that the contributory negligence of the plaintiff, in order to be a defense to the action, must proximately contribute to plaintiff's injury. See Standard Accident Insurance Co. v. Whitset, as Adm'r, Ala., 118 So.2d 922;[1] Terry v. Nelms, 256 Ala. 291, 54 So.2d 282; Dudley v. Alabama Utilities Service Co., 225 Ala. 531, 144 So. 5; McCaa v. Thomas, 207 Ala. 211, 92 So. 414.

It is, of course, axiomatic that the error in giving a prejudicially erroneous charge was not cured by the giving of other proper charges. Dudley v. Alabama Utilities Service Co., supra; see also Birmingham Railway Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Alabama T. & N. R. Co. v. Huggins, 205 Ala. 80, 87 So. 546; Birmingham Railway Light & Power Co. v. Hunt, 200 Ala. 560, 76 So. 918.

Written Charge No. 18 given for the defendant reads:

> "The court charges the jury that if you are reasonably satisfied that the accident here complained of was the result of pure accident, then the plaintiff is not entitled to recover."

The charge was an erroneous and confusing statement of the law. Apparent in this charge is the defect mentioned in Charge No. 17, supra; the charge also failed to

1. Ante, p. 334.

**550**

hypothesize a finding "from the evidence"; the charge is also confusing and misleading in that the plaintiff's complaint was rested on negligence of the defendant and not on accident; also "pure accident" is in no way defined, but is left to the conjecture of the jury. We have been unable to find such a charge discussed in the books, but we are certain it would be condemned as confusing· and misleading to the prejudice of the plaintiff and we so declare it.

██ There is another principle which in our view saves the judgment from reversal, viz., where the trial court grants a motion for a new trial without specifying the ground or grounds upon which the ruling was rested, and one of the grounds is that the verdict was against the great weight of the evidence, this court may presume that the ruling was based on such ground and will not disturb the ruling unless it appears that the great weight of the evidence plainly and palpably supports the verdict. Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816, and cases cited. In the case at bar, however, the evidence was in conflict and it can not be said that the evidence plainly and palpably supports the verdict in favor of the defendant. It, therefore, was within the prerogative of the trial court to view the evidence impartially and if he had a well considered opinion that the great weight of the evidence did not so support the verdict, it was his duty to set it aside and grant a new trial. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

Other errors were probably committed on trial, but perhaps will not occur again and we forego further comment. It is enough to say that we are at the conclusion that on the basis of the foregoing considerations, we are unwilling to overrule the trial court in granting of the motion for a new trial.

Affirmed.

GOODWYN, MERRILL and COLEMAN, JJ., concur.

