172 So.2d 46

George R. HARRIS, Jr., et al., d/b/a Smith, Dukes and Buckalew,

v.

Ben F. SCHMAELING, Executor.

I Div. II.

Supreme Court of Alabama.

Feb. 18, 1965.

Cunningham & Bounds, Mobile, for appellee.

W. B. Hand and Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, for appellants.

GOODWYN, Justice.

This is a suit for wrongful death growing out of an automobile accident. The jury returned a verdict in favor of plaintiff on which judgment was duly rendered. This appeal by the defendants is from that judgment and also from the judgment overruling their motion for a new trial.

The case was tried once before where there was a verdict and judgment in favor of the defendants. Plaintiff's motion for a new trial was granted, the defendants appealed, and we affirmed. See: Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731.

The complaint consists of one count, based on negligence. It is alleged that defendant, George R. Harris, Jr., was the servant, agent or employee of the other defendants and, while engaged in the line and scope of his employment, negligently operated an automobile by entering the intersection of St. Michael Street and Washington Avenue, in the City of Mobile, against a red traffic light, resulting in a collision with decedent's automobile and causing his death.

On the trial, defendants took the position that the deceased was guilty of contributory negligence in entering the intersection against a red traffic light.

Some of the principal grounds for reversal relied on by appellants concern a number of similar adverse rulings by the trial court in connection with the deposition of Clifton Gullett, a witness. We are

of the opinion that these rulings were erroneous and, after an examination of the entire cause, we are of the opinion also that such errors probably injuriously affected substantial rights of the defendants. Supreme Court Rule 45, Code 1940, Tit. 7, Cum.Pock. Part, Appendix; 261 Ala. XIX, XXXVII.

The witness Gullett is a merchant seaman. He was an eye witness to the collision. In taking his deposition the parties stipulated that objections to his testimony were reserved. It appears that on his direct examination he testified concerning a series of traffic signal lights along Washington Avenue immediately before reaching the intersection with St. Michael Street where the collision occurred; that, on the first trial, this part of the deposition was offered by the plaintiff; that on the trial now under review all of this part of the deposition was not offered by the plaintiff; that the defendants cross-examined Gullett, and particularly with reference to the said series of traffic signal lights on Washington Avenue; and that some of Gullett's testimony on such cross-examination tended to conflict with or impeach his testimony that the deceased entered the intersection where the accident occurred on a green light.

In that part of Gullett's deposition offered by plaintiff, and received in evidence, this witness testified that the traffic light at the intersection of St. Michael Street and Washington Avenue, where the accident occurred, showed green on Washington Avenue, on which deceased was traveling, at the time deceased entered the intersection; that, at said time, the witness was about 25 yards behind the deceased; that when deceased's car "went into the intersection the light was green then"; that "he was positive of that"; that he would judge deceased's speed was "between 25 and 30, according to my own"; and that "maybe not as fast," according to his own, "because I wasn't exceeding 30 miles because I was between the same lights and I had closed the gap between us." In answer to other questions on direct examination, but not offered in evidence by plaintiff, Gullett stated, in substance, that he first noted deceased's car when he (witness) stopped at a traffic light at the intersection of Spring Hill Avenue and Washington Avenue, while heading north on Washington Avenue in the same direction as deceased, and saw deceased stop at a traffic light a block north at the intersection of St. Francis Street and Washington Avenue; that when the two traffic lights changed together he and the deceased continued north on Washington Avenue.

The defendants attempted to get in evidence that part of the deposition above referred to which was not offered by plaintiff; and also the defendants' cross-examination of Gullett for the purpose of contradicting or impeaching the witness' testimony with respect to the speed of deceased's car and the condition of the traffic light when deceased entered the intersection where the accident occurred. In each instance the trial court sustained the plaintiff's objection, usually on the ground that the only traffic light involved in the case was the one at the intersection, and that other traffic lights were not involved.

The part of Gullett's deposition offered by plaintiff and received in evidence, as already noted, shows that he was an eye witness to the accident; that he was positive that the traffic light at the accident intersection was green when the deceased entered the intersection; that, according to Gullett's own speed, the deceased's speed was between 25 and 30 miles an hour since Gullett was not exceeding 30 himself and because he "was between the same lights and * * * closed the gap between" him and the deceased. It seems to us that at least a portion of that part of the deposition which the defendants sought to get admitted in evidence is relevant to the foregoing part of the deposition already in evidence at the instance of plaintiff, and that for this reason, aside from any other, the sustaining of plaintiff's objections thereto was prejudicial error. The deposition stat-

ute (Act No. 375, appvd. Sept. 8, 1955, Acts 1955, p. 901; Recompiled Code 1958, Tit. 7, § 474(4) ) provides, in pertinent part, as follows:

"4. At the trial * * *, any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition, or who had due notice thereof, in accordance with any one of the following provisions:

\* \* \* \* \* \*

"(d) If only a part of a deposition is offered in evidence by a party, the adverse party may require him to introduce all of it which is relevant to the part introduced, and any party may introduce any other parts."

Although other errors probably occurred on the trial, perhaps they will not occur again on the retrial of the case. Accordingly, we forego further discussion.

Reversed and remanded.

LAWSON, COLEMAN and HAR-WOOD, JJ., concur.