213 So.2d 197

**Willis E. LEE**

v.

**Harold E. Trent MOORE.**

**8 Div. 277.**

Supreme Court of Alabama.

July 11, 1968.

462

Eyster & Eyster, Decatur, for appellant.

Brewer & Lentz, Decatur, for appellee.

KOHN, Justice.

This is an action for damages for personal injuries resulting from a collision between two automobiles. The complaint contained one count of simple negligence. The jury returned a verdict in favor of defendant, and judgment was rendered thereon in favor of defendant in accordance with the verdict. Thereafter, the plaintiff made a motion for a new trial which was granted by the trial court.

There is one assignment of error on this appeal which is based on the granting by the trial court of a new trial.

The plaintiff, appellee, filed his motion for a new trial, in the manner and form prescribed by law. The court granted plaintiff's motion and the verdict and judgment were set aside, and a new trial ordered. From this action, the defendant below brings this appeal.

The judgment on the motion for a new trial, properly signed by the trial court, was in the following language:

"Upon consideration of the foregoing motion, it is ordered that the same be, and it is hereby granted; the verdict and judgment are set aside, and a new trial is ordered."

The motion for a new trial contained, among other assignments, the following:

"1. For that the verdict of the jury is contrary to the evidence in this case."

"5. For that the verdict of the jury in this cause is not sustained by the great preponderance of the evidence."

■■ This appeal is governed by certain well-established principles. Foremost, perhaps, is the principle that trial courts do have the power to grant motions for new trials in order to prevent irrevocable damage. Such power should be hesitantly exercised, because the verdict of a jury results from one of the most precious rights in our system of government, that is, the right of trial by jury. However, coupled with this principle of law, is a consistent principle that the power to set aside the verdict of a jury may be exercised when it affirmatively appears that the substantial ends of justice require the examination of facts by another jury. Walker v. Henderson, 275 Ala. 541, 156 So.2d 633.

■ In this jurisdiction, the statutory grounds may be assigned in a motion for new trial, Title 7, § 276, Code of Alabama 1940, but if the language of the statute is not precisely followed because of inherent power in courts of record, common-law causes may be the basis of a new trial. Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. However, in this case, one or more of the grounds for granting a new trial set out in the statute, supra, were set out in the motion for new trial.

■ Decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict set aside, and the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled. Commercial Standard Ins. Co. v. Berger Inv. Co., 264 Ala. 208, 86 So.2d 282.

There exists the presumption in this jurisdiction in favor of the trial court's ruling granting or refusing a new trial. McLemore v. International Union, United Auto., Aircraft and Agricultural Implement Workers of America, C. I. O., 264 Ala. 538, 88 So.2d 170.

■ It has long been held that upon an appeal from the granting of a motion for new trial, based upon the fact that the verdict was contrary to the evidence, there is a presumption in favor of the action of the trial court in granting a motion for a new trial when there is a conflict in the evidence. Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671; Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729.

■ It is also the rule in this jurisdiction that, where the trial court grants a motion for a new trial without indicating the ground or grounds, or reasons therefor, the reviewing court will indulge a presumption that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence. Code 1940, Title 7, § 276, supra; Enslen v. Law, 267 Ala. 422, 103 So.2d 313; Pledger v. Handy, 268 Ala. 226, 105 So.2d 680; State v. Loftin, 268 Ala. 446, 108 So.2d 163; Holderfield v. Deen, 269 Ala. 260, 112 So.2d 448.

These cases, and others, are authority that this court may presume that the ruling of the trial court was based on the fact that the verdict was against the great weight of the evidence, and the action of the lower court in granting a new trial will not be disturbed unless it appears that the great weight of the evidence plainly and palpably supports the verdict below. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Alabama Power Co. v. Bell, 274 Ala. 590, 150 So.2d 754; J. F. Holley Const. Co. v. Brown Service Funeral Homes Co., 277 Ala. 251, 168 So.2d 621.

As late as 1966, this court, in Yellow Cab Co. of Birmingham v. Frost, 279 Ala. 591, 188 So.2d 550, held that where the trial does not specify grounds for granting a motion for new trial, the reviewing court will indulge the presumption that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence.

The evidence was in dispute. Among other things, did the plaintiff's automobile

**464**

roll back into the front of defendant's automobile? Or, did the defendant's automobile ram into the back of the plaintiff's automobile?

There is nothing in the record disclosing any evidence that warrants a conclusion that the trial court was in error, or that the great weight of the evidence plainly and palpably supports the verdict of the jury which was set aside by the court below.

We have read the record and carefully studied the briefs submitted, but in view of the foregoing, our conclusion is that the judgment of the lower court should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.