239 So.2d 749

John H. WALL et al.

v.

Robert W. WALLS.

8 Div. 324.

Supreme Court of Alabama.

Sept. 24, 1970.

Sullins & King, Huntsville, for appellee.

Lanier, Shaver & Herring, James E. Davis, Jr., Huntsville, for appellants.

LAWSON, Justice.

In action for personal injury and property damage, the defendants appeal from a judgment of the trial court granting plaintiff's motion for new trial.

Plaintiff sued seeking damages for personal injury and property damage sustained in a motor vehicle collision allegedly caused by negligence and wanton conduct of defendants in operating a motor vehicle, a farm tractor, at or near the intersection of U.S. Highway 231 and the River Road. Defendants pleaded in short by consent the general issue, with leave, etc. The defenses submitted to the jury were the general issue and contributory negligence of the plaintiff in defense of the count charging negligence.

As indicated above, the jury returned a verdict for defendants and the court rendered judgment for defendants. Plaintiff filed motion for new trial, which the trial court granted.

The motion for new trial contained twelve grounds, the first six of which sufficiently took the point that the verdict of the jury was "not sustained by the great preponderance of the evidence." § 276, Title 7, Code 1940; Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504. In its judgment granting plaintiff a new trial, the trial court did not specify the ground or grounds of the motion which it thought well taken.

■ We have said in many cases that where the trial court grants a motion for new trial without indicating the ground or grounds of the motion which it thought justified the ruling, this court will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence or that the verdict was unjust in the light of the evidence. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Yellow Cab Co. of Birmingham, Inc., v. Frost, 279 Ala. 591, 188 So.2d 550; Holderfield v. Deen, 269 Ala. 260, 112 So.2d 448; State v. Loftin, 268 Ala. 446, 108 So.2d 163; Pledger v. Handy, 268 Ala. 226, 105 So.2d 680; Enslen v. Law, 267 Ala. 422, 103 So.2d 313.

In Commercial Standard Ins. Co. v. Berger Investment Co., 264 Ala. 208, 209, 86 So.2d 282, 283, we said in part:

"It is a firmly established rule of law in this State that where one of the grounds of a motion for a new trial is that the verdict is contrary to the evidence, the action of the trial court in granting the motion, without specifying the ground upon which it was granted, will not be disturbed on appeal unless the evidence plainly and palpably supports the verdict set aside. * * *"

There was a conflict in the evidence in this case and different inferences could be drawn therefrom. In fact, there was a conflict in the testimony of the witnesses who testified for the plaintiff. But there was a conflict in some of the testimony given by one of the defendants during the course of the trial and statements made by him in pretrial depositions.

The trial court had the advantage of "seeing and hearing the witnesses" and was, therefore, in a better position than this court to evaluate the conflicts, as well as the alleged interest or bias which some of the witnesses may have had for the party for whom they gave testimony.

■ In our opinion, the trial court's final conclusion, as expressed in its judgment granting the new trial, should not, under our rule of long standing, be disturbed unless we are convinced that the evidence plainly and palpably supports the verdict. See Hall v. Clark, 225 Ala. 87, 142 So. 65.

■ After a careful consideration of the evidence, we find ourselves unwilling to

say that the evidence plainly and palpably supports the verdict set aside. It follows that we cannot say that the trial court committed error in granting the motion for a new trial. See Adams v. Lanier, 283 Ala. 321, 216 So.2d 713.

We have not set out the evidence for fear its consideration on another trial may be prejudiced, however careful the language of discussion. We have preferred to leave the matter with the statement that we find no error in the ruling under review. Yellow Cab Co. of Birmingham v. Frost, *supra;* Holderfield v. Deen, *supra;* Pledger v. Handy, *supra;* Enslen v. Law, *supra,* and cases cited.

The granting of the motion for a new trial being the only question before us, the judgment of the court below will be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.