240 So.2d 662

**CITY OF UNION SPRINGS, Alabama, a Municipal Corporation**

**v.**

**Katherine K. EVANS.**

**4 Div. 396.**

Supreme Court of Alabama.

Nov. 5, 1970.

R. E. L. Cope, Union Springs, Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

Lynn W. Jinks, Jr., Union Springs, for appellee.

McCALL, Justice.

This is an appeal, taken by the defendant, City of Union Springs, from an order of the trial court granting the plaintiff's motion to set aside the verdict of the jury in favor of the defendant, and the judgment entered thereon and to grant the plaintiff a new trial.

The appellee, Katherine K. Evans, claimed in her complaint for personal injuries and damages, resulting from a fall proximately caused by the alleged negligence of the appellant in causing or allowing a defect to be or remain in a public sidewalk. The appellant pleaded the general issue in short by consent with leave to offer in evidence any matter which might have been offered, had the same been specially pleaded.

The appellee's motion for a new trial contained five grounds, the first two of which are: (1) that the verdict of the jury is contrary to the law and evidence in the case, and (2) that it is not sustained by the great preponderance of the evidence.

In its judgment granting the appellee's motion, the trial court did not indicate the ground or grounds of the motion which it thought justified the ruling. Where such is the case, this court will indulge the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence, or the verdict was unjustified in the light of the evidence. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Yellow Cab Co. of

Birmingham v. Frost, 279 Ala. 591, 188 So. 2d 550; Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103; Enslen v. Law, 267 Ala. 422, 103 So.2d 313; Chison v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816.

In reviewing on appeal, the trial court's ruling granting the motion, so grounded, we will not reverse the case unless the evidence plainly and palpably supports the verdict set aside, Cobb v. Malone, 92 Ala. 630, 9 So. 738; Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278; Gordon v. Gleason, 262 Ala. 421, 79 So.2d 54; Commercial Standard Ins. Co. v. Berger Investment Co., 264 Ala. 208, 86 So.2d 282, " * * * meaning, as we think, that this court will not reverse in such a case, unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error. * * *" Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211.

We have carefully considered the evidence, and find conflicts therein from which different inferences may be drawn. The trial court, hearing and observing the witnesses as they testified, was in a better position than this court to evaluate those conflicts. Further, some presumption must be indulged in favor of that court's ruling. Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103; German-American Wholesale Optical Co. v. Rosen, supra. So on appeal, we cannot say that the evidence in this case plainly and palpably supports the verdict set aside, and that the trial court's action in so doing was plainly and palpably wrong. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Chisom v. Woodward Iron Co., 265 Ala. 212, 90 So.2d 816.

The trial court's conclusion and order is further strengthened by the common law that courts of record have inherent power, independent of the statute, Tit. 7, § 276, Code of Alabama, 1940, to set aside and vacate their orders and judgments, Lee

**414**

v. Moore, 282 Ala. 461, 213 So.2d 197; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Batson v. State, 216 Ala. 275, 113 So. 300, and when the trial court has a definite and well considered opinion that the verdict fails to do justice between the parties, the court has not only the right, but the duty to set aside the verdict and grant a new trial. Sansing v. Ellis, 275 Ala. 664, 158 So.2d 103, Parker v. Hayes Lumber Co., supra.

The judgment of the trial court is affirmed.

Affirmed.

SIMPSON, COLEMAN, HARWOOD, and BLOODWORTH, JJ., concur.