241 So.2d 614

**Eldon MORRIS**

**v.**

**TRAVELERS INDEMNITY COMPANY OF HARTFORD, CONNECTICUT, a Corporation.**

**5 Div. 14.**

Court of Civil Appeals of Alabama.

Nov. 25, 1970.

Gray, Seay & Langford, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for appellee.

BRADLEY, Judge.

An action was filed in the Circuit Court of Macon County against the surety on the official bond of the Sheriff of Henry County for acts allegedly committed by one of the Sheriff's deputies. A demurrer was filed to the complaint and overruled. A plea in short by consent was then filed, and trial ensued before the court and a jury. Verdict was rendered for plaintiff-appellant in the amount of $5,000.00, and judgment was rendered thereon in accordance with the verdict.

Defendant-appellee filed a motion for a new trial containing twenty-seven grounds. The motion was granted as requested.

The appeal to this court is from the order granting a new trial.

■ After the case reached this court and prior to submission, appellant moved the court to strike appellee's brief because it was filed late.

Supreme Court Rule 12 provides that an appellee has twenty days from the date appellant's brief is served on him to file his brief with the court.

Appellant's brief was filed with this court on August 28, 1970, and a copy thereof served on appellee.

Appellee's brief was filed in this court on October 5, 1970, more than twenty days after being served with a copy of appellant's brief. Appellee did request an extension of time within which to file his brief, but this request did not come within the twenty day period and, hence, came too late.

Upon being presented with a request to strike a brief because it was filed late, the Supreme Court in State v. Jacks, 272 Ala. 107, 128 So.2d 734, said:

"We seldom strike a late brief of an appellee. * * * [I]f we receive it before the case is decided, we consider it in the effort to get all the help possible in deciding the issues correctly.

We think the provision in Supreme Court Rule 34, that no party can as a matter of right apply for a rehearing unless brief is filed as provided by the rules, is sufficient penalty to be imposed upon appellee for failure to file his original brief within the time prescribed in Supreme Court Rule 12.

"[A]ppellant's motion to strike appellee's brief * * * denied."

We agree with the Supreme Court in that we can use all the advice we can get on the issues we are called on to solve; therefore, we will not strike the brief, but we would point out that appellee, because of its failure to comply with the rules regarding filing of briefs, cannot apply for a rehearing in this court. See Supreme Court Rule 34.

Motion to strike appellee's brief is denied.

The evidence introduced at the trial revealed the following facts:

During the evening of October 23, 1965, at Baker's Cafe in Abbeville, Alabama, an altercation took place involving plaintiff-appellant, Eldon Morris, and one Zack Jones. It seems that appellant had been to Baker's Cafe on the night in question at about 7:30 p. m., left, and returned at 11:45 p. m.

Shortly after arriving at the cafe the second time, appellant testified that Jones stepped on his foot on three separate occasions, and the third time, he knocked Jones down.

Two deputies sheriff entered the cafe and approached appellant. One of the deputies attempted to grab appellant by the belt, but was shoved away. The other deputy, C. Lingo, then touched appellant on the shoulder and his hand was knocked away.

Lingo testified that at the time he touched appellant, that appellant was advised that he was under arrest.

Appellant, according to the testimony of several witnesses, replied that no _____ laws were going to arrest him [profanity omitted]. Then, according to several witnesses, appellant said, "If you don't kill me, I'm gonna kill you and if I catch you, I'm gonna break your g——, d_____ neck."

At the time appellant was making these statements, he was, according to several eye-witnesses, moving toward Deputy Lingo; and Lingo was retreating. One witness also stated that when the appellant threatened Deputy Lingo, appellant also ran his right hand in one of his pockets and sort of lunged at Lingo. Lingo testified that he saw a pearl handle of a pistol in appellant's pocket at the time appellant put his hand in his pocket.

It was only a matter of seconds after these threatening gestures were made that Lingo shot appellant one time.

The bullet entered appellant's body in the front of the chest near the heart and came to rest just under the skin in the upper back.

Appellant was hospitalized for about two months and was out of work for about one year, allegedly due to this injury.

The testimony also revealed that at the time Lingo shot the appellant, the cafe was crowded with people—some 70 to 80 people —and while appellant was on the floor of the cafe, several of these persons crowded around him, and one person, described as a one-eyed boy by the name of Smith, knelt down and took something out of one of appellant's pockets and ran out a side door. Two of the witnesses said they had seen this person before and thought that he lived around Newville in Henry County. It was also said by one of the witnesses at the trial that this person was out of the state and could not be found.

The appellant and two witnesses called by him testified that appellant did not move after Lingo started retreating, that he did not curse Lingo, nor did he put his hand in his pocket; Lingo, so these wit-

nesses said, just backed up a few feet and shot appellant one time and then warned everyone not to touch him until the Sheriff arrived at the cafe.

Appellant testified that he did not have a knife nor a gun on his person at the time he was shot.

There was conflict in the evidence as to whether or not Deputy Lingo saw the altercation between appellant and Zack Jones.

There was testimony that Lingo was leaning up against a car on the outside, several steps from the door leading into the cafe; and, there was testimony that Lingo was on the porch leading into the cafe and was following right behind Deputy Hoover Morris and another person at the time of the altercation.

Deputy Lingo testified he was on the porch and could see inside the cafe and saw appellant hit Jones.

There was evidence that the doorway opening into the cafe could be seen through on this occasion. And there was no evidence that Lingo could not have seen the altercation between appellant and Jones through the doorway of the cafe.

The one assignment of error in this case is directed to the order of the Circuit Court granting the new trial, and it is as follows:

"The Court has carefully considered said motion for new trial and reviewed the evidence in this case and is of the opinion that said motion is well taken and should be granted."

Among the 27 grounds of the motion for a new trial are found grounds questioning the verdict on the basis that the great weight and preponderance of the evidence does not support it, and that it is contrary to the facts in the case.

■ The general rule in Alabama is to the effect that decisions granting new trials will not be reversed, unless the evidence plainly and palpably supports the verdict set aside, and the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled. Commercial Standard Ins. Co. v. Berger Inv. Co., 264 Ala. 208, 86 So.2d 282.

■ It has also been established that upon an appeal from the granting of a motion for a new trial, based upon the fact that the verdict was contrary to the evidence, there is a presumption in favor of the action of the trial court in granting a motion for a new trial when there is a conflict in the evidence, as there is in the case at bar. Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671; and Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729.

■ Furthermore, the rule has been laid down that where the trial court grants a motion for a new trial without indicating the ground or grounds, or reasons therefor, the reviewing court will indulge a presumption that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence. Title 7, Section 276, Code of Alabama 1940, as Recompiled 1958; Enslen v. Law, 267 Ala. 422, 103 So.2d 313; Yellow Cab Co. of Birmingham v. Frost, 279 Ala. 591, 188 So.2d 550; and Wall v. Walls, 286 Ala. 317, 239 So.2d 749.

The trial court, in the case at bar, did not assign any grounds or reasons for its decision to grant a new trial.

Therefore, in view of the above cited rules, we are limited to the presumption that the trial court's ruling on the motion for new trial was based on the ground that the verdict was contrary to the great weight and preponderance of the evidence, and therefore, its ruling cannot be disturbed unless it appears that the evidence taken below plainly and palpably supports the verdict of the jury. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; and Holley Const. Co. v. Brown Service Funeral Homes Co., 277 Ala. 251, 168 So.2d 621.

The evidence in the case before us was in conflict, but the preponderance of the evidence supported the theory that Sheriff's Deputy Lingo was in the process of arresting appellant for a public offense committed in his presence, and at the time he fired his gun at appellant, Lingo, from all the circumstances extant at that moment, could reasonably have apprehended an imminent fatal assault by the appellant.

Even though the evidence was in conflict, we believe that the preponderance of the evidence was such as to make the verdict unjust, particularly when we add to this assessment of the evidence the presumption that must be accorded the trial court's decision granting the new trial. All of these factors tip the scales of justice against the verdict of the jury and in favor of the order of the trial court granting a new trial.

The trial court having committed no reversible error in granting the new trial, its judgment is affirmed.

Affirmed.