265 So.2d 860

Allen L. JONES

v.

Curtis Eugene STRANGE.

Curtis Eugene STRANGE

v.

GATEWAY SPORTING GOODS, INC.

6 Div. 910, 6 Div. 930.

Supreme Court of Alabama.

Aug. 10, 1972.

Cole & Wyatt, Birmingham, for Curtis E. Strange.

Marshall H. Fitzpatrick, Birmingham, for appellees Gateway Sporting Goods, Inc. and G.E.S. Stores, Inc., and for appellant Allen L. Jones.

78.

BLOODWORTH, Justice.

This is an action for damages for malicious prosecution brought by plaintiff, Curtis Eugene Strange, against Allen L. Jones, Gateway Sporting Goods, Inc., Gateway, Inc., George Allen Jones, and G.E.S. Stores, Inc. George Allen Jones and Gateway, Inc., were never served. The case was submitted to the jury against defendants Allen L. Jones and Gateway Sporting Goods, Inc., with the general affirmative charge being given for defendant G.E.S. The jury returned a verdict in favor of plaintiff Strange against defendant Gateway Sporting Goods, Inc., for $30,000, and judgment was entered thereon in accordance with the verdict.

On March 24, 1971, defendant Gateway filed a motion for a new trial. The motion was submitted to the court on April 23, taken under advisement, and granted on May 24, 1971. On April 2, 1971, plaintiff Strange also filed a motion for a new trial. It was also heard on April 23, and taken under advisement by the court. On May 24, 1971, this motion was granted as to defendant Jones, but denied as to defendant G.E.S. The effect of granting these motions reinstated the case on the docket for trial against defendants Jones and Gateway.

Two appeals have been taken from these orders. They are consolidated in this court by agreement.

Appellant Jones, in 6 Div. 910, appeals from the trial court's order granting plaintiff Strange's motion for a new trial as to him.

Appellant Strange, in 6 Div. 930, appeals from the trial court's order granting a new trial to defendant Gateway, and refusing to grant a new trial as to defendant G.E.S.

The amended complaint sought damages against the three defendants for maliciously and without probable cause causing plaintiff to be arrested on a forgery charge in February 1968, which charge led to a prosecution for forgery, ultimately resulting in his acquittal.

The charge arose out of an incident in which it was alleged that plaintiff gave a forged check made out to the order of defendant G.E.S. in payment for a gun. Plaintiff's evidence tended to show that the gun was purchased from defendant Gateway Sporting Goods which operates under a leasing agreement with defendant G.E.S., whereby Gateway leases space within the main building of the G.E.S. store for use as a sporting goods shop. Defendant Allen L. Jones is the manager of Gateway Sporting Goods, Inc.

### I.

The assignments of error asserted by appellant Jones on his appeal in 6 Div. 910 complain, in varying language, of the action of the trial court in granting appellee Strange's motion for a new trial.

Appellant Jones asserts that the trial court's ruling in granting Strange's motion for a new trial was,

"* * * erroneous and improper because the evidence adduced upon the trial was insufficient to warrant submission of the case to the jury and the trial court should have given the general affirmative charge duly requested by appellant."

Appellant Jones also suggests that the granting of the new trial was erroneous because the evidence plainly and palpably supports the verdict in his favor.

The trial court granted the motion for new trial without specifying any grounds as the basis for its ruling.

When the trial court grants a motion for a new trial without indicating the grounds therefor (and one of the grounds is that the verdict is contrary to the evidence, as in the instant case) this court indulges the presumption that it was because the trial court concluded that the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence. Lee v. Moore, 282 Ala. 461, 213 So.2d 197 (1968); Wall v. Walls, 286 Ala. 317, 239 So.2d 749 (1970).

In such circumstances, this court will not reverse an order granting a new trial unless the grant weight of the evidence plainly and palpably supports the verdict, which means that we will not reverse in such case unless the evidence presented at trial plainly and palpably shows that the trial court was in error. State v. Oliver, 288 Ala. 32, 256 So.2d 866 (1972); Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504 (1930).

The evidence in this case is in dispute and, after reviewing the same, we cannot say that the great weight of the evidence plainly and palpably supports the verdict. Neither can we say the trial court's ruling in granting plaintiff a new trial as to Jones is plainly and palpably erroneous.

In view of another trial, we feel we ought to refrain from discussing the evidence in order to avoid any prejudice to a party. We will say we think the trial court correctly submitted the issues to the jury.

Thus, the ruling of the trial court granting the plaintiff's motion for a new trial as to defendant Jones is affirmed.

### II.

The first assignment of error asserted by appellant Strange on his appeal, in 6 Div. 930, complains of the action of the trial court in granting a new trial to defendant Gateway Sporting Goods, Inc.

Here again, we must accord the trial judge those presumptions which are indulged in favor of his granting a new trial. Since the trial judge did not indicate the grounds for the granting of the new trial motion, we must presume that it was be-

**80**

cause he concluded that the verdict was contrary to the great preponderance of the evidence, or that the verdict was unjust in the light of the evidence.

We cannot say that the great weight of the evidence plainly and palpably supports the verdict of the jury, nor are we willing to say that the ruling of the trial judge in granting defendant Gateway's motion for a new trial was plainly and palpably erroneous.

Thus, the ruling of the trial court in granting the motion of defendant Gateway Sporting Goods for a new trial is due to be affirmed.

In his second assignment of error, appellant Strange complains of the trial court's refusal to grant his motion for a new trial as to the defendant G.E.S. Stores, Inc. But, in the grounds of the motion, appellant Strange inexplicably fails to complain that the trial court erred in giving defendant G.E.S. the general affirmative charge.

The only grounds asserted by appellant Strange in his motion for a new trial as to defendant G.E.S. is in the following language:

"1. For that the verdict of the jury was inconsistent and contrary to the law and evidence before the Court insofar as said verdict acquitted the Defendant, G. E.S. Stores, Inc., a corporation."

It can hardly be said that the jury verdict was contrary to the law or that it was inconsistent with the law when the jury was charged by the trial judge to return a verdict for defendant G.E.S.

Having failed, in his new trial motion, to complain of the action of the trial court in giving defendant G.E.S. the general affirmative charge, and the appeal being from ruling on motion for new trial, there is nothing for this court to review with respect to this assignment of error. Water Works and Sanitary Sewer Bd. of City of Montgomery v. Norman, 282 Ala. 41, 208 So.2d 788 (1968); State v. Moore, 269 Ala. 20, 110 So.2d 635 (1959).

Thus, the order of the trial court refusing to grant appellant Strange's motion for a new trial as to defendant G.E.S. Stores, Inc., is due to be affirmed.

Appellee G.E.S. has filed a motion to dismiss the appeal in 6 Div. 930. It complains that: the appeal is from two separate orders of the trial court improperly united in one appeal; the appellant's brief failed to contain a statement of the facts as required by Supreme Court Rule 9(b); and, the appellant failed to make timely service of his brief on appellee as required by Supreme Court Rules 11 and 44. In view of the result we reach, we need not rule on this motion.

Affirmed.

HEFLIN, C. J., and COLEMAN, MADDOX and McCALL, JJ., concur.