304 So.2d 896

Earl KENNEDY, as Adms., etc.

v.

GENERAL TRANSPORT COMPANY, INC.,
a corporation, et al.

SC 662.

Supreme Court of Alabama.

Nov. 27, 1974.

Rehearing Denied Jan. 2, 1975.

Bedford & Bedford, Russellville, and Hogan, Smith & Alspaugh and John F. Kizer, Jr., Birmingham, for appellant.

456

Eugene D. Martenson, Birmingham, for appellees.

MERRILL, Justice.

The sole question presented on this appeal is whether the trial court erred in granting the motion for a new trial of defendant, General Transport Co., Inc. The other defendant, Douglas McArthur White, made no motion for a new trial and the judgment against him is not before us.

Earl Kennedy, as administrator of the estate of Birdie Lee Kennedy, filed suit under the wrongful death statute, Tit. 7, § 123, Code 1970, as a result of fatal injuries received by the decedent on July 27, 1970, when the decedent's truck was involved in a head-on collision with a truck owned by the defendant, General Transport Company, Inc., and being operated by defendant, Douglas McArthur White, on U.S. 78 near Graysville.

At trial, the case was submitted to the jury on Count 1A, which charged White with negligence and that he was acting in the line and scope of his employment; and Count 3C, which charged negligent entrustment. Defendant, General Transport, defended on the contention that White was not acting within the line and scope of his employment and that the truck was not entrusted to him, but that White stole the truck or, at least, removed the truck from General Transport's lot without the permission or consent of General Transport.

The jury's verdict was for the plaintiff against both defendants for $150,000.00 and judgment was entered for that amount. General Transport's motion for a new trial was argued and submitted on August 20, 1973, and on September 19, 1973, the motion for a new trial was granted. One of the grounds of the motion for a new trial was that the verdict was against the great preponderance of the evidence, and the trial court did not specify any grounds on which the motion was granted.

In view of another trial, we will not undertake to set out the evidence. Adams v. Lanier, 283 Ala. 321, 216 So.2d 713.

Plaintiff cites and relies on three cases, among others, which require mention. The cases are Castleberry v. Morgan, 28 Ala. App. 70, 178 So. 823, and McEntyre v. First National Bank of Headland, 27 Ala. App. 311, 171 So. 913. This court expressly declined to follow them as to the law on motions for new trials in Adams v. Lanier, supra. In the case of Riley v. Srofe, 35 Ala.App. 222, 45 So.2d 328, the third case cited, this court, referring to it in Adams v. Lanier, supra, stated:

"The Court of Appeals appears to have concluded that, after indulging all reasonable presumptions as to the correctness of the ruling granting a new trial, the ruling was error because the undisputed evidence plainly and palpably supported the verdict. * * *"

■ When the trial court grants a motion for a new trial without indicating the grounds therefor (and one of the grounds is that the verdict is contrary to the evidence, or against the great preponderance of the evidence, as here), this court indulges the presumption that it was because the trial court concluded that the verdict was not sustained by the great preponderance of the evidence, Tit. 7, § 276, or that the verdict was unjust in the light of the evidence. Jones v. Strange, 289 Ala. 76, 265 So.2d 860; Wall v. Walls, 286 Ala. 317, 239 So.2d 749; Lee v. Moore, 282 Ala. 461, 213 So.2d 197.

■ In such circumstances, this court will not reverse an order granting a new trial "unless the evidence plainly and palpably supports the verdict," Cobb v. Malone, 92 Ala. 630, 9 So. 738, which means that we will not reverse in such case unless the evidence presented at trial plainly and palpably shows that the trial court was in error. Jones v. Strange, supra; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

■ This court has also held repeatedly that if the trial court had a definite and well-considered opinion that the verdict failed to do justice between the parties, it had a right and was under a duty to set it aside and grant a new trial. State v. Oliver, 288 Ala. 32, 256 So.2d 866, and cases there cited supporting the common law ground. See Birmingham Electric Co. v. Yoast, 256 Ala. 673, 57 So.2d 103[2], and ARCP, Rule 59(a)(1).

■ It has long been held that upon an appeal from the granting of a motion for new trial, based upon the fact that the verdict was contrary to the evidence, there is a presumption in favor of the action of the trial court in granting a motion for a new trial when there is a conflict in the evidence. Lee v. Moore, 282 Ala. 461, 213 So.2d 197; Rowell v. McCollough, 270 Ala. 576, 120 So.2d 729; Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671.

■ In the case at bar, the evidence was in conflict and it cannot be said that the evidence plainly and palpably supports the verdict in favor of the plaintiff. It, therefore, was within the prerogative of the trial judge to view the evidence impartially and if he had a well-considered opinion that the great weight of the evidence did not support the verdict, it was his duty to set it aside and grant a new trial. Harris v. Schmaeling, 270 Ala. 547, 120 So.2d 731; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

Affirmed.

HEFLIN, C. J., and HARWOOD, MADDOX and FAULKNER, JJ., concur.