MERRILL, Justice.
This appeal is from an order of the trial court granting plaintiff’s motion for a new trial. Defendant appealed. We affirm.
Appellant-defendant Alsup owed appel-lee, Commercial Guaranty Bank of Mobile, $125,000.00 plus interest as a result of a promissory note executed by appellant to the bank on July 16, 1971. In payment of the original note, the bank received, from time to time, other notes and cash.
Pertinent to this cause is a note received by the bank on November 2, 1972. This note was in the amount of $130,265.39. In payment of this note, the bank received an interest payment of $3,915.18 from one Frank Carrón of Capital Service Company *252 and a note, dated February 9, 1973, made by Trustee Life Insurance Company in the amount of $129,000.00.
The note dated February 9, 1973, purportedly was signed by Alsup. The bank sued him on the note. Alsup denied that he signed the note. At trial, the bank introduced several witnesses at the trial, including a handwriting expert, who testified to the fact that the note bore appellant’s signature.
The jury found for the defendant. The trial court granted the motion for a new trial and defendant appeals.
It has long been a policy of this court that decisions granting new trials will not be reversed unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (1891). In the recent case of Hubbard Bros. Construction Co., Inc. v. Halstead Contractor, Inc., 294 Ala. 688, 321 So.2d 169, this court quoted from Cobb v. Malone, supra, and then cited principles from later cases:
“ ‘ * * * the decision of the trial court, refusing to grant a new trial on the ground of the insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust. And decisions granting new trials will not be. reversed, unless the evidence plainly and palpably supports the verdict. * * * ’

“Granting or denying a new trial motion is a matter resting largely in the discretion of the trial judge and exercising it carries a presumption of correctness. Johnson v. Hodge, 291 Ala. 142, 279 So.2d 123 (1973); App. & Error «=>933(1), Vol. 2A, Alabama Digest.
“When the trial court grants a new trial motion, without specifying the grounds therefor, the ruling must be sustained on appeal if any good ground is presented by the motion. Johnson v. Hodge, supra; App. & Error «=>854(6), supra.
“When the trial court grants a new trial, without specifying the grounds therefor, and one of the grounds is that the verdict is contrary to the evidence, the appellate court presumes that it was because the trial court concluded the verdict was contrary to the great preponderance of the evidence or the verdict was unjust in the light of the evidence. Jones v. Strange, 289 Ala. 76, 265 So.2d 860 (1972); Kennedy v. General Transport Company, Inc., 293 Ala. 455, 304 So.2d 896 (1975); App. & Error «=>933(1) (4), supra.”
Here, there was substantial evidence before the court to indicate that Alsup signed the note. The evidence was undisputed that the bank would not accept the note of Trustee Life Insurance Company without the additional signature of Alsup. In-light of these two statements, it cannot be said “that great weight of the evidence plainly and palpably supports the jury’s verdict.” The order granting the new trial is due to be affirmed.
Each of the parties argue points which will undoubtedly arise again on a new trial. Defendant contends that he is entitled to show that when the bank took the note of Trustee Life Insurance Company, it extinguished his debt, citing Dennis v. Williams, 40 Ala. 633. In Dennis, after discussing the matter, noting an abundance of “contrariety of decision,” and citing cases, this court observed:
“ * * * All the authorities agree, that if the note on a third person was in fact received in discharge of the original indebtedness, in the absence of fraud, the same is extinguished. * * * ”
Plaintiff contends for the doctrine in the case of Thompson v. Fourth National Bank of Montgomery, 215 Ala. 476, 111 So. 29[5], *253 that where forged bills of lading were offered and taken as security to a corporation’s note, and given to secure the cancellation of the personal note of an officer of the corporation, the cancellation of the note was inoperative, even though the maker of the personal note did not participate in the fraud.
We do not know what facts will be presented on the next trial, but, under appropriate facts, both of these principles would have application.
AFFIRMED.
MADDOX and SHORES, JJ., concur.
HEFLIN, C. J., and JONES, J., concur in the result.