The plaintiffs-appellants are a mother, Ella Lee Taylor, and her daughter, Deborah Lynn Taylor, whose suit arises out of their activities as paper carriers of The Birmingham News.
Their complaint contained the following grounds: (1) Fraud; (2) Deceit; (3) Wrongful interference with contract, and (4) Champertous interference with a contract. The court in its oral charge limited the jury's deliberation to wrongful interference with contract, and the jury returned a verdict for the Taylors and awarded damages of $12,500. The defendants, Birmingham News Company and Willis Saucier, filed a motion for judgment n.o.v. or, in the alternative, a motion for a new trial. The trial court took the motion for new trial under advisement, and on January 28, 1976 issued the following order:
 "January 28, 1976. The submission made on January 9, 1976, of the above and foregoing motion having been duly considered by the court, the court is of the opinion that the verdict of the jury awarding plaintiff damages in this case is excessive by $9,500.00.
 "Wherefore, it is considered, ordered and adjudged by the court, that the above and foregoing motion be, and the same is hereby granted, unless the plaintiff shall file in this court, on or before February 6, 1976, an instrument in writing remitting all damages in excess of $3,000.00; and agreeing to a reduction of the judgment to $3,000.00.
 "Jurisdiction of this motion is hereby retained for all proper purposes."
After the Taylors failed to file a remittitur, the trial court vacated the jury's verdict and granted the defendant's motion for a new trial. The Taylors appeal the trial court's order granting the new trial.
It is the statutory law in Alabama that either party in a civil case in circuit court has a right of appeal from the court's decision of either granting or refusing a motion for new trial. Title 7, § 764, Code of Alabama 1940 (Recompiled 1958). This statutory right of appeal was not disturbed by the adoption of the Rules of Appellate Procedure. See Rule 1, ARAP.
This court on many occasions has stated that it will not reverse a trial judge's order granting a new trial unless the evidence plainly and palpably supports the jury's verdict or plainly and palpably shows the trial court was in error. See,e.g., Hargrave v. Davis-Hunt Cotton Co., 294 Ala. 697,321 So.2d 178 (1975); Kennedy v. General Transport Co., 293 Ala. 455, 304 So.2d 896 (1974).
The granting or denying of a motion for a new trial is a matter resting primarily in the discretion of the trial judge and the trial judge's action carries with it a presumption of correctness. Hubbard Bros. Const. Co. v. C.F. Halstead Cont.,Inc., 294 Ala. 688, 321 So.2d 169 (1975); Johnson v. Hodge,291 Ala. 142, 279 So.2d 123 (1973).
In this case the trial judge found that the jury verdict of $12,500 was excessive by $9,500. The evidence adduced at trial indicated that the actual damages suffered by the appellants was approximately $250.
This court has carefully reviewed the record in this case and cannot conclude that the trial court committed reversible error. Accordingly, this cause is due to be affirmed.
AFFIRMED.
MADDOX, FAULKNER, SHORES and BEATTY, JJ., concur. *Page 691