It is my understanding that the Court's opinion holds that this plaintiff did not "on rehearing . . . show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment," as Mathisv. Jim Skinner Ford, Inc., 361 So.2d 113, 116 (Ala. 1978), requires. Had this plaintiff shown cause why he could not present the evidence he was offering in his "motion to reconsider" in time to prevent judgment from being entered against him, then, under the Court's analysis, he would have been able to present that evidence to the trial court.
Courts are to take a motion for what it is and not for what it says. The nomenclature of a motion is not controlling.Ex parte Hartford Ins. Co., 394 So.2d 933, 935 (Ala. 1981). Taking plaintiff's motion for what it is and not for what it is labelled, it is clear that the trial court could have considered plaintiff's evidence in deciding whether to amend or vacate its entry of summary judgment if plaintiff had offered a proper explanation for his failure to offer that evidence in response to defendant's motion for summary judgment. Plaintiff's motion is not a motion to "reconsider" a previous post-judgment motion;[1] it is an original post-judgment motion filed within 30 days of the judgment, and as such, it falls within the scope of Rule 59, A.R.Civ.P.
The trial court possesses broad discretion in considering motions for relief from judgment. Beckley v. AVCO FinancialServices, One, Inc., 430 So.2d 433, 435 (Ala. 1983). Courts of record have inherent power, independent of statute, to set aside and vacate their orders and judgments. City ofUnion Springs v. Evans, 286 Ala. 412, 413, 240 So.2d 662,664 (1970). The trial court has the power to open or vacate a judgment upon a showing of good cause. Grigsby v.Liles, 274 Ala. 67, 71, 147 So.2d 846, 850 (1962). During the 30-day period after the entry of judgment, the trial court has great judicial discretion that it may exercise over its final judgment. The trial judge should be able to consider any evidence in deciding whether to vacate the entry of summary judgment. Any reasonable explanation of the party's failure to offer evidence in response to a motion for summary judgment will suffice, but this does not mean that under the guise of a Rule 59(e) motion a party can belatedly submit available evidence in opposition to a motion for summary judgment.
Since the plaintiff did not show circumstances which prevented his presenting evidence to counter that offered in support of the motion for summary judgment, this Court's review of the trial court's grant of summary judgment is correct.
Even if the trial court had considered the evidence offered with the plaintiffs motion, summary judgment would still have been proper. Plaintiff contends that under Code 1975, §6-2-8(a), the statute of limitations was tolled as a result of his alleged incompetence. He claims that he became incompetent in the summer of 1981. Plaintiffs claim accrued on December 18, 1979. Section 6-2-8(a) states:
 "If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time such right accrues, . . . insane . . ., he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action. . . ." (emphasis added)
This Court has made it clear that intervening disability does not bring a party within *Page 1192 
this section. Whitson v. Baker, 463 So.2d 146 (Ala. 1985); Street v. Shaddix, 197 Ala. 446, 73 So. 73
(1916). Plaintiff does not claim to have become incompetent until well after his claim accrued.
[1] Indeed a party's motion to "reconsider" the ruling on his own prior post-judgment motion is not authorized by our Rules of Civil Procedure. Ex parte Dowling,477 So.2d 400, 404 (Ala. 1985).